## 41099. SHORE v. SHORE.
### (318 SE2d 57)

PER CURIAM.

Appellant father filed an action for change of custody in August 1981, alleging a substantial change in conditions affecting the welfare of the minor child. The trial court referred the matter to the juvenile court for investigation and recommendations. The investigation was completed by November 1982, and the juvenile court probation officer recommended that custody be changed to the father. The parties filed letter briefs with the court in December. In June 1983, there having been no ruling by the trial court, the father obtained a rule nisi for a hearing in July to present new evidence. Two days before the scheduled hearing, in the course of a hearing on a motion to compel, the trial court cancelled the rule nisi hearing and declined to hear any new evidence. The court based its ruling on the need for a speedy resolution of the case. The court ruled in November 1983, denying the change of custody to the father.

On appeal the father contends the court erred in not allowing new evidence. He asserts that this evidence would have shown serious emotional and psychological deterioration of the child during the pen-

dency of the suit. As this court found in *Westmoreland v. Westmoreland*, 243 Ga. 77, 79 (252 SE2d 496) (1979), "the trial court must consider all facts and conditions which present themselves up to the time of rendering the judgment and not merely facts and conditions which occur prior to the filing of the petition." We adhere to the rule that where the issue is a material change in conditions affecting the welfare of a child, it is error to refuse to hear any evidence which might have some bearing upon that issue. Where the welfare of a child is involved, relevant information must be received up until the very time that the court rules.

We reverse the judgment of the trial court because of the court's failure to receive evidence, and we remand the case for a hearing on the evidence which was disallowed and any other more recent evidence which may be relevant to the issue of this child's condition. We therefore do not reach the issue of whether custody should have been given to the father.

Because of the need to act quickly in the interest of the child, we are deciding this case in an expedited manner even though this appeal was only recently filed and argued. This court's term will soon end. We do not normally decide cases during the last fifteen days of a term. OCGA § 15-2-4. However, as we held in *Fuller v. State*, 232 Ga. 581 (208 SE2d 85) (1974), the court may determine cases under such regulations as are prescribed by the court. The decision in *Fuller*, supra, was based on Art. VI, Sec. II, Par. VII of the Constitution of Georgia of 1945. Although this section was not included in either the 1976 or 1983 constitution, we today hold that under our inherent power, this court may establish whatever rules are necessary to determine the cases which come before us. *First Bank &c. Co. v. Zagoria*, 250 Ga. 844 (302 SE2d 674) (1983); *Grimsley v. Twiggs County*, 249 Ga. 632 (292 SE2d 675) (1982); *Wallace v. Wallace*, 225 Ga. 102 (166 SE2d 718) (1969). The inherent power to make the rules includes the concomitant power to suspend the rules in an appropriate case such as the one before us.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 23, 1984.

*Timothy N. Skidmore, Leslie P. George*, for appellant.
*Mayer & Nations, Randolph A. Mayer*, for appellee.