41618. PRATER v. WHEELER.
(322 SE2d 892)

MARSHALL, Presiding Justice.

The final divorce decree of the parties awarded permanent custody of the parties' 14-year-old son and his seven-year-old brother to the appellant-father with certain visitation rights to the appellee-mother. The mother filed an action for contempt for the father's alleged wilful failure to abide by the final judgment and decree of divorce by wilfully interfering with her visitation and, in particular, the father allegedly claimed that the older minor child does not have to visit with the petitioner-mother because the said child is 14 years of age. After a hearing, the trial judge entered an order holding the defendant-father in wilful contempt as regards the issue of visitation, providing that the father be allowed to purge himself of this contempt by compliance with the visitation provisions of the divorce decree, and issuing a supersedeas as to visitation by the 14-year-old conditioned upon the father's seeking an expedited appeal, which this court has granted. *Held*:

A child who has reached the age of 14 years has the right to select the parent who will have custody of the child, if such parent is determined by the court to be a fit and proper custodian. OCGA §§ 19-9-1 (a), 19-9-3 (a). "Visitation privileges are, of course, part of custody. [Cit.]" *Ledford v. Bowers,* 248 Ga. 804, 805 (1) (286 SE2d 293) (1982). " 'A divorced parent has a natural right of access to his child

awarded to the other parent, and only under exceptional circumstances should the right or privilege be denied.' [Cit.]" *Shook v. Shook*, 242 Ga. 55, 56 (2) (247 SE2d 855) (1978).

"The desires of children *under 14 years of age* in not wanting to visit their [noncustodial parent] is not sufficient to deny [the noncustodial parent] his [or her] rights of visitation. [Cit.]" (Emphasis supplied.) *Shook v. Shook*, supra, p. 56 (2). The issues here are, whether the desire of a child *over* 14 years of age in not wanting to visit his or her noncustodial parent is sufficient to deny the noncustodial parent his or her rights of visitation, and under what conditions the custodial parent is authorized to withhold visitation privileges with such child from the noncustodial parent.

"In any case in which a judgment awarding the custody of a minor has been entered, *on the motion of any party or on the motion of the court*, that portion of the judgment effecting visitation rights between the parties and their minor children *may be subject to review and modification or alteration* without the necessity of any showing of a change in any material conditions and circumstances of either party or the minor, provided that the review and modification or alteration shall not be had more than once in each two-year period following the date of entry of the judgment. However, this subsection shall not limit or restrict the power of the court to enter a judgment relating to the custody of a minor in any new proceeding based upon a showing of change in any material conditions or circumstances of a party or the minor." (Emphases supplied.) OCGA §§ 19-9-1 (b), 19-9-3 (b). "Modification of child[-]visitation rights is a matter of discretion with the trial court . . . [Cit.]" *Parker v. Parker*, 242 Ga. 781 (251 SE2d 523) (1979). "Visitation rights may now be modified on motion of either party or on motion of the trial judge in a contempt action. *Sampson [v. Sampson*, 240 Ga. 118, 119 (239 SE2d 519) (1977)]." *Blalock v. Blalock*, 247 Ga. 548, 550 (1) (277 SE2d 655) (1981).

The fact that a child of 14 can select his or her custodial parent, does not require the conclusion that such a child can be allowed to elect to not visit with the noncustodial parent. Just as the selection of the custodial parent is subject to the judge's determination that the parent so selected is "a fit and proper person to have the custody of the child," so must the modification or alteration of visitation rights established by the divorce decree or a subsequent modification or alteration thereof be done by order of the court. The fact that subsection (b) of OCGA §§ 19-9-1 and 19-9-3 does not refer to the age of the minor as to whom visitation rights are to be reviewed and modified or altered, is an indication of the legislative intent to require a court order for such modification or alteration for *all* minors. We hold that 14-year-olds do have the right to elect not to visit with their noncustodial parents; however, to allow them to make such election without

a court order would violate the previously cited statutory provisions and would permit, if not encourage, custodial parents to vent their spite for their former mates by pressuring, directly or indirectly, the children to make such an election.

Thus, although it is possible that it might be found that the father was in contempt for withholding the mother's visitation rights without obtaining an order modifying or altering such rights, we are vacating the order of contempt so that there may be an opportunity for a review and modification of visitation rights on motion of either party or of the trial judge, in accordance with the statutes and this opinion.

*Judgment vacated. All the Justices concur, except Smith, J., not participating.*

DECIDED DECEMBER 4, 1984 —
REHEARING DENIED DECEMBER 18, 1984.

Contempt. Haralson Superior Court. Before Judge Fudger.

*Tisinger, Tisinger, Vance & Greer, Thomas E. Greer,* for appellant.

*Howe, Sutton & McCreary, Timothy A. McCreary,* for appellee.