A90A1804. WORLEY v. WHIDDON.
(398 SE2d 401)

DEEN, Presiding Judge.

Alice Worley filed a petition to modify visitation rights awarded to her former husband, William Whiddon, under their divorce decree, which was entered on February 1, 1989. She alleged that there had been changes in circumstances materially affecting the interest and welfare of their minor child, in that the child had reached the age of fourteen and had elected not to visit with his father. Attached to the petition was the child's affidavit, which stated that he elected not to visit with his father because "my visits with him are unpleasant." The trial court issued an order denying modification of visitation based upon its interpretation of OCGA § 19-9-3 (a) and *Prater v. Wheeler*, 253 Ga. 649 (322 SE2d 892) (1984), and ordered the child to participate in family counseling at the father's expense. The mother's appli-

cation for a discretionary appeal was granted by this court. *Held:*

In *Prater v. Wheeler,* supra, the court interpreted OCGA §§ 19-9-1 (a) and 19-9-3 (a), as they then existed in the Code, to hold that a child over the age of fourteen years had the right to elect not to visit with the noncustodial parent, but such an election could only be made by court order. In 1986, these Code sections were amended to add: "Nothing in this Code section shall be interpreted to deny the noncustodial parent the right to reasonable visitation determined by the court as in other cases." The trial court interpreted this language as overruling *Prater v. Wheeler,* and found that it must find some other statutory authority if visitation was to be denied to the noncustodial parent. The court turned to OCGA § 19-9-3 (b), which provides for periodic review and modification of the portion of the custody decree affecting visitation rights and found that the court was not bound by the two-year modification restriction where there is a "showing of a change in any material conditions and circumstances of either party or the minor." The court further found under OCGA § 19-9-3 (a) a duty "to exercise its discretion to look to and determine solely what is the best interest of the child or children and what will best promote their welfare and happiness. . . ." The court held that no exceptional circumstances were presented to the court. There was no assertion that the father was unfit or abusive, or that the child has suffered any harm from visiting him. The court found that it was not in the child's best interest nor would his welfare and happiness be promoted by discontinuing his father's visitation rights.

The sole issue of law in this case is whether the General Assembly intended to limit the election rights of a 14-year-old child, found in OCGA § 19-9-1 (a), which permits the child to choose his or her custodial parent, to situations involving only child custody, or whether it also includes visitation rights. We note that approximately one year after the *Prater* decision, the General Assembly amended the Code sections pertaining to election by the child to add a final sentence: "Nothing in this Code Section shall be interpreted to deny the noncustodial parent the right to reasonable visitation determined by the court as in other cases." Appellant argues that the legislature intended to codify the holding in *Prater,* and this case and others following it are the "other cases" referred to in the amendment.

An amended statute "should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending [its] operation." *Integon Indem. Corp. v. Canal Ins. Co.,* 256 Ga. 692, 693 (353 SE2d 186) (1987); *Earth Mgmt. v. Heard County,* 248 Ga. 442, 444 (283 SE2d 455) (1981). Ga. L. 1986, p. 1000, which amended OCGA §§ 19-9-1 and 19-9-3, is captioned "CHILD CUSTODY — VISITATION RIGHTS OF THE NONCUSTODIAL PARENT."

The intention of the General Assembly in passing a law may be derived from the caption of the Act as well as from its body. *Sovereign Camp Woodmen v. Beard*, 26 Ga. App. 130 (105 SE 629) (1921). In amending the Code sections in question, the legislature was addressing the visitation rights of noncustodial parents rather than child custody in general. As *Prater* had interpreted "certain provisions of law" to permit 14-year-old children the right to elect not to visit the noncustodial parent, the legislature would have no reason to amend the Code sections in question. If, however, the legislature determined that child visitation should be determined in the same manner as custody, it had to amend these Code sections. In interpreting statutes passed by the General Assembly, the courts must keep "in view at all times, the old law, the evil, and the remedy." OCGA § 1-3-1. We therefore find that the General Assembly was concerned that the Code sections in question had been interpreted to deny the noncustodial parent visitation when a child of 14 years or older sought to terminate such visitation by court order. The General Assembly was obviously concerned that important parental rights could be terminated upon the whim of a teenager and that such a child would be deprived of the love and guidance that might be needed. The "other cases" referred to in the amendment therefore refer to other instances, such as child custody cases, where the court is required to exercise its discretion.

We therefore find that the trial court did not err in its interpretation of the amended Code sections and in exercising its discretion in denying the petition which sought to deny the father visitation rights to his child.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 11, 1990 —
REHEARING DENIED OCTOBER 23, 1990 —

*Davis, Gregory & Christy, Hardy Gregory, Jr., Gary C. Christy,* for appellant.
*Gary C. McCorvey,* for appellee.