S91G0169. WORLEY v. WHIDDON.
(403 SE2d 799)

CLARKE, Chief Justice.

In *Prater v. Wheeler,* 253 Ga. 649 (322 SE2d 892) (1984), this court established the right of a 14-year-old to choose whether to visit the noncustodial parent. We also held that the right could not be exercised in the absence of a court order modifying visitation rights of the noncustodial parent. The court's opinion in *Prater* was based on OCGA §§ 19-9-1 (a) and 19-9-3 (a), which give the child of 14 the right to select the custodial parent.

Following *Prater* the legislature added this sentence to OCGA §§ 19-9-1 (a) and 19-9-3 (a): "Nothing in this Code section shall be interpreted to deny the noncustodial parent the right to reasonable visitation determined by the court as in other cases." The Court of Appeals construed this language as overruling *Prater. Worley v. Whiddon,* 197 Ga. App. 358 (398 SE2d 401) (1990). We granted Alice Worley's petition for certiorari to decide whether the decision in *Prater* is still viable after the amendments to OCGA §§ 19-9-1 and 19-9-3.

Alice Worley argues that the real purpose of the amendments was to accomplish exactly what this court did in *Prater*: to give the court supervisory power over the decision of the 14-year-old not to visit with the noncustodial parent. Therefore, the amendments follow rather than overrule *Prater.* We agree. The language is simply an assurance to the noncustodial parent that custody based on the wishes of the 14-year-old child does not preclude visitation by the noncustodial parent. Court supervision of a 14-year-old's decision not to visit protects the child and the noncustodial parent against any coercion by the custodial parent. This court found in *Prater v. Wheeler*:

> The fact that a child of 14 can select his or her custodial parent, does not require the conclusion that such a child can be allowed to elect to not visit with the noncustodial parent. Just as the selection of the custodial parent is subject to the judge's determination that the parent so selected is "a fit and proper person to have the custody of the child," so must the modification or alteration of visitation rights established by the divorce decree or a subsequent modification or alteration thereof be done by order of the court. Id. at 650.

This analysis is consistent with the amendments in question here. The trial court decided that the amendments to OCGA §§ 19-9-1 (a)

and 19-9-3 (a), made these sections unavailable as a basis for denying visitation to a noncustodial parent. The trial court decided that modification was available only under the test set forth in OCGA §§ 19-9-1 (b) and 19-9-3 (b), the best interest of the child. Finding no exceptional circumstances presented, the court concluded that the best interest of the child would not be promoted by discontinuing visits. The trial court did not take the child's wishes into consideration.

As we noted in *Prater*, supra, visitation is part of custody. Having made the wishes of a 14-year-old as to custody binding upon the court unless the parent chosen is unfit, the legislation could not have intended to preclude consideration of the child's wishes as to visitation. We construe OCGA §§ 19-9-1 (a) and 19-9-3 (a) to preserve the authority of the trial court to set visitation rights based upon the best interests of the child. We do not, however, construe the amendments as prohibiting the court from using the wishes of a child over 14 years of age together with other factors as the basis for its decision. Therefore, we reverse the Court of Appeals' judgment that the trial court did not err in its interpretation of the amendments. We remand the matter to the trial court for reconsideration in light of this opinion.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED MAY 10, 1991.

*Davis, Gregory & Christy, Hardy Gregory, Jr., Gary C. Christy,* for appellant.
*Gary C. McCorvey, William D. Healan, Jr.,* for appellee.