## S94A0859. KATZ v. KATZ.
### (445 SE2d 531)

HUNT, Chief Justice.

We granted discretionary appeal in this divorce case to determine whether the trial court abused its discretion regarding the provisions of the final judgment pertaining to visitation in the event the mother moves. We find that it did, and reverse and remand.[1]

By the terms of the final judgment and decree, Dr. and Mrs. Katz were given joint legal custody of their two minor children, with Mrs. Katz having physical custody. Dr. Katz was given visitation with the children every first and third weekend of the month, such visitation beginning at 6:00 p.m. on Thursday and ending at 7:00 p.m. on Sunday, and also visitation on each and every Thursday from 10:00 a.m. until 7:00 p.m. Because the trial court had been informed that Mrs. Katz might move to New Jersey, it set forth alternative provisions governing the responsibility for the pickup and return of the children. In the event that Mrs. Katz stays in the metropolitan Atlanta area, Dr. Katz or his family members will be responsible for the pickup and return of the children. On the other hand, if Mrs. Katz moves out of the Atlanta area, she would be responsible for delivering the children to and picking them up from Dr. Katz's residence. Because the children are young, the court made it Mrs. Katz's obligation to travel with the children; even when the children are old enough to travel alone, Mrs. Katz will still have to travel with them since under the decree the point of delivery and pickup is to be the Atlanta airport. Finally, Mrs. Katz is to bear the cost of transporting herself and the children to and from Atlanta, with Dr. Katz reimbursing her for 50 percent of the costs of the children's, but not her, round-trip transportation.

The trial court abused its discretion in placing such burdensome responsibilities on Mrs. Katz should she decide to move from Atlanta. Nothing in the record supports the need for these provisions. They not only present formidable obstacles to and severe restrictions on Mrs. Katz with respect to the expense and inconvenience of frequent travel, the opportunity to move, and the ability to secure and maintain employment, but also subject the children to a rigorous travel

---

[1] This opinion is decided within the last 15 days of the term for the reasons set forth in *Shore v. Shore*, 253 Ga. 183, 184 (318 SE2d 57) (1984). The term is extended for the filing of motions for reconsideration, if any.

schedule which is likely to interfere with school and other activities. Accordingly, we reverse and, recognizing that visitation is an integral part of custody, *Worley v. Whiddon,* 261 Ga. 218, 219 (403 SE2d 799) (1991), remand the case so that the trial court may reconsider the issues of custody and visitation in light of this opinion.

*Judgment reversed and case remanded. All the Justices concur, except Hunstein, J., who concurs in the judgment only.*

SEARS-COLLINS, Justice, concurring.

I agree with the majority that the trial court abused its discretion in entering the provisions on visitation. I also agree that the order places heavy burdens on Mrs. Katz should she decide to move from Atlanta. I write, however, to emphasize that trial courts and parents must bear in mind the best interests of the children with respect to custody and visitation issues. A cursory review of the visitation provisions in this case demonstrates that the trial court and the parents lost sight of that paramount concern. In the event that Mrs. Katz moves from the Atlanta area, the order saddles the children with an oppressive travel schedule that an adult would have difficulty tolerating; that effectively will preclude the children from attending school every Thursday and Friday; that will disrupt or preclude many routine childhood activities; and that ultimately will disrupt the continuity and stability so necessary to the proper nurturing of a child. Thus, the whirlwind travel schedule imposed by the present order cannot possibly be in the children's best interests. Although I recognize that visitation with their father is an important facet of the children's lives, trial courts and parents can protect that interest by fashioning visitation provisions that do not turn the children's lives upside down. For these reasons, I concur in the decision to remand the case to the trial court for it to reconsider the issues of custody and visitation.

DECIDED JULY 21, 1994 —
RECONSIDERATION DENIED AUGUST 8, 1994.

*Jeffrey E. Bogart, Susan A. Hurst, James W. Penland,* for appellant.

*Weinstock & Scavo, Michael Weinstock, John M. Bruce,* for appellee.