## A00A0265. STEWART v. STEWART.
(537 SE2d 157)

MILLER, Judge.

Permission to file a discretionary appeal from a citation for contempt of a visitation order was granted under the following circumstances: Deborah Ann Stewart and Richard Allen Stewart were married in 1988 and had a son, R. S., born in September 1989. Richard and Deborah were divorced in 1996, and primary physical custody of R. S. was placed with Richard. Deborah was given some visitation every weekend and extended visitation once the school year ended: From the Saturday following the last day of school until the day before school reconvenes, or from June 1 to September 1.

Shortly after the divorce, Deborah moved to Texas. Logistically, she could exercise visitation only on the third weekend of the month. Yet Richard repeatedly failed to use plane tickets Deborah sent for R. S., causing her to incur losses and transfer fees. In April 1999, Deborah initiated this contempt action, alleging that, since August 1998, Richard denied Deborah her visitation right by refusing to put R. S. on a plane to Houston, Texas, despite being ordered to do so after an earlier contempt hearing. In his answer, Richard denied the material allegations, countermoved for contempt, and further petitioned for a modification of custody, visitation, and child support. Two weeks before the scheduled hearing, however, Richard dismissed his petition to modify custody, visitation, and child support, without prejudice.

After an evidentiary hearing, the trial court found Richard in contempt for withholding visitation and for not making reasonable efforts to facilitate visitation, in that Richard had been previously ordered to put R. S. on direct, nonstop flights to Houston. The court modified visitation in several particulars, specifying that Richard was responsible for delivering R. S. to Deborah's residence, which

could be accomplished by placing him on a direct, nonstop flight to Houston or any other suitable mode of transportation, at Richard's discretion and at his own expense. Deborah bore a reciprocal obligation to return R. S. In addition, the court ordered that, after his extended summer visitation with Deborah, R. S. be returned to Richard one week before school started, rather than one day before as originally ordered.

In three related enumerations of error, Richard objects to the change in visitation procedures that requires him to pay for airfare to Texas.

1. Richard first contends the trial court was unauthorized to require him to pay for R. S.'s airfare to Texas, arguing this amounted to an unauthorized change in child *support*. We disagree.

Procedurally, Richard is correct that child support obligations fixed in a final divorce decree cannot be modified in a contempt action.[1] But under OCGA § 19-9-1 (b), the trial court is expressly authorized to modify visitation rights, even on its own motion, during a contempt proceeding.[2] So there is no jurisdictional impediment to the trial court's change of visitation in this case.

> It is the express [public] policy of [Georgia] to encourage that a minor child has continuing contact with parents . . . and to encourage parents to share in the rights and responsibilities of raising their children after such parents have separated or dissolved their marriage.[3]

Substantively, we hold that requiring Richard to pay some travel costs incurred by his child's out-of-state visits to the mother does not amount to the imposition of child support in this case. Rather, such cost is merely incidental to the authorized requirement that Richard meet Deborah halfway[4] by delivering the child for visitation.[5] Cer-

---

[1] *Department of Human Resources v. Gould*, 222 Ga. App. 489, 490 (1) (474 SE2d 682) (1996).

[2] *Blalock v. Blalock*, 247 Ga. 548, 550 (1) (277 SE2d 655) (1981). Accord *Richwood & Assoc. v. Osborne*, 267 Ga. 89, n. 2 (475 SE2d 606) (1996).

[3] OCGA § 19-9-3 (d).

[4] *Jones v. Jones*, 220 Ga. 753, 756 (4) (141 SE2d 457) (1965) (prudential provisions to effectuate and carry out court-ordered visitation committed to the very broad discretion of the trial court in custody matters).

[5] See *Pruitt v. Butterfield*, 189 Ga. 593, 595 (6 SE2d 786) (1940) (whether to require nonresidential custodian to post a bond during visitation outside of Georgia pending return of the child is discretionary). Compare *King v. King*, 202 Ga. 838, 839 (4) (44 SE2d 791) (1947), underlying policy rationale disapproved, *Connell v. Connell*, 222 Ga. 765, 768 (3) (152 SE2d 567) (1966) in which the decree requiring father to deliver child to "home" of mother for three-month summer visitation and pick him up, or pay for transportation, was not construed to apply to "home" outside of Georgia after mother moved to California, because both parents were Cobb County residents at the time decree was entered. Here, the court's order

tainly, there is no order requiring Richard to pay Deborah any fixed, recurring amount. If Richard pays the airline directly, he has complied. If the parties can agree to split the cost of a roundtrip ticket, then any reimbursement Richard pays to Deborah (or vice versa) is merely to effectuate visitation. Richard's reliance on *Moody v. Moody*[6] is misplaced, for that decision does not involve the unavoidable costs involved with interstate child visitation and does not hold that such costs amount to child support. The first enumeration is without merit.

2. The second enumeration contends the trial court abused its discretion in making Richard responsible for airfare based upon only five days advance notice of when Deborah wished to exercise her weekend visitation rights. In our view, this contention has merit.

Under the modified visitation procedures, Richard will be responsible for ten or more one-way plane tickets, because it is highly unlikely that any other mode of transportation between Atlanta and Houston would be chosen, considering the best interest of the child.[7] There is no faster transportation, and the travel time by train or bus would likely disrupt the child's schooling in order to present R. S. to Deborah in Houston by 6:00 p.m. Friday. The order modifying visitation does not mandate that Deborah provide a roundtrip ticket with five days notice. And Deborah herself acknowledged that one week is insufficient notice. It is common knowledge that the less expensive plane tickets frequently require a 14-day advance purchase. So it is arbitrary and capricious to needlessly require Richard to buy the *most* expensive plane ticket in order to facilitate out-of-state visitation on behalf of the parent who moved.[8] Accordingly, Richard is entitled to not less than 15 days advance notice from Deborah. The judgment modifying visitation is affirmed upon the condition that, within ten days of the receipt of the remittitur, Deborah agrees to give Richard not less than 15 days advance notice of when she intends to exercise her visitation, in order to facilitate the presentation of R. S. to her through the most economical and convenient mode of travel. If she does not so agree, then the judgment is reversed as to advance notice.

*Judgment affirmed upon condition; otherwise, reversed as to advance notice. Pope, P. J., and Smith, P. J., concur.*

---

recites Richard was previously held in contempt for not putting R. S. on a plane to Houston as ordered.

[6] 224 Ga. 13, 15 (3) (159 SE2d 394) (1968).

[7] The third enumeration, contending that the travel schedule for monthly visitation is, as a matter of law, contrary to the best interest of the child under *Katz v. Katz*, 264 Ga. 440 (445 SE2d 531) (1994), is without merit.

[8] Id.

DECIDED JULY 11, 2000.

*Conner & Conner, Stacie A. Conner*, for appellant.
Deborah A. Stewart, *pro se*.