## S01A0638. BRANDENBURG v. BRANDENBURG.

(551 SE2d 721)

HUNSTEIN, Justice.

Appellant Kenneth Brandenburg appeals from the final judgment entered in the divorce action he brought against his wife, Pam Brandenburg. The parties married in 1976 and have six children, five of whom are minors. In 1995, appellant became intimately involved with another woman, Dana Pike, who lived out of state. Shortly after learning that his wife was pregnant with his sixth child, appellant moved Pike to Atlanta, where he leased and furnished an apartment for her. In January 1997, one-and-a-half months after the parties' sixth child was born, appellant told appellee about his relationship with Pike, moved out of the home and filed for divorce. At the time of trial, appellant and Pike had been living together openly for two-and-a-half years, but the children had never seen her.

After a jury trial, the court issued a final judgment awarding appellant and appellee joint custody of the children with primary physical custody to appellee. Appellant was awarded visitation with the children but under the provisions of the final decree is precluded from exercising such visitation rights in the presence of Pike, even if they marry. Appellant was ordered to pay child support of $962 per month for each of the five minor children and, as additional child support, to contribute $200 per month into individual custodial accounts previously established for the children.

Appellant filed an application for discretionary appeal in this Court which we granted to consider whether the trial court erred in

not allowing appellant to exercise visitation with his children in the presence of Pike, whether or not they entered into a lawful marriage, and whether the provision in the final decree requiring appellant to contribute $200 per month to the children's custodial accounts is void and unenforceable. We reverse on the first ground but affirm the trial court's ruling on the enforcement of the monthly contribution to the minor children's accounts.

1. Appellant contends the trial court abused its discretion in prohibiting him from exercising his right to visitation with his children in the presence of Pike whether or not they marry. It is the express policy of this State to "encourage parents to share in the rights and responsibilities of raising their children after such parents have separated or dissolved their marriage." OCGA § 19-9-3 (d). In this regard, we have held that a trial court abuses its discretion when it places an unnecessarily burdensome limitation on the exercise of a parent's right of visitation. *Katz v. Katz*, 264 Ga. 440 (445 SE2d 531) (1994). See *Griffin v. Griffin*, 226 Ga. 781, 784 (3) (177 SE2d 696) (1970) (divorced parent has right of access to child, which may be denied only under exceptional circumstances).

Although appellant's relationship with Pike could support the imposition of certain limitations upon his visitation rights if it was shown that such conduct adversely affects his children, see *Turman v. Boleman*, 235 Ga. App. 243, 244 (510 SE2d 532) (1998), the record in this case is devoid of any evidence that such relationship had or likely would have a deleterious effect on the children beyond that normally associated with divorce or a parent's remarriage. Nor is there any evidence that appellant and Pike engaged in inappropriate behavior in front of the children. To the contrary, it is undisputed that despite having lived with Pike for more than two years preceding trial, at the time of trial the children had not yet met or seen her. Appellee's own expert testified that in the event that appellant and Pike married it would be in the children's best interests for the court to provide for their gradual introduction to Pike to allow the children to adjust to their father's relationship with her. Absent any evidence that exposure to Pike would adversely affect the best interests of the children, we find the trial court abused its discretion in prohibiting appellant from exercising his visitation rights in Pike's presence.

2. As part of its verdict, the jury included a provision requiring appellant to contribute $200 per month to individual custodial accounts previously established for the minor children. The trial court included the $200 contribution in the final decree as part of the child support awarded to appellee. Relying on *Coleman v. Coleman*, 240 Ga. 417 (5) (240 SE2d 870) (1977), appellant argues this provision is void and unenforceable because it requires him to pay for the children's college education beyond the age of majority.

Under Georgia law, a parent is obligated to "provide for the maintenance, protection, and education of his or her child until the child reaches the age of majority, dies, marries, or becomes emancipated, whichever first occurs." OCGA § 19-7-2. In *Coleman*, this Court struck down a provision in a final decree which required the father to establish an education trust fund to be completely funded by the children's sixteenth birthdays and which would revert to him if the child did not enter college by the age of 22. Although no payments were to be made after the age of majority, we held the provision was invalid because "the uses contemplated clearly extend beyond the age of 18, as is evidenced by the reverter provision where a child does not enter such an institution before age 22." Id. at 423 (5).

We find *Coleman* distinguishable in several important respects. Unlike the post-minority educational trusts in *Coleman*, the custodial accounts at issue were established before the divorce and were created pursuant to the Georgia Transfers to Minors Act, OCGA § 44-5-110 et seq. Although appellant argues that the contributions were intended to pay only for the children's college educations, under the Act there can be no such limitation on their use and the funds may be used for any reason deemed necessary by the custodian for the support, maintenance, education and general use and benefit of the minor. OCGA § 44-5-124 (a). Moreover, the record evidence does not require the conclusion that the $200 contributions were intended solely to cover post-majority college expenses. In a separate provision the jury specifically made appellant independently responsible for all reasonable college expenses, including tuition, room, board and books, for each of the children.[1] Because we find the use of the funds in the custodial accounts does not "clearly extend beyond the age of 18," *Coleman*, supra, and is not restricted to post-minority college expenses, we find the inclusion of this provision in the final decree was not error.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JULY 16, 2001 —
RECONSIDERATION DENIED SEPTEMBER 17, 2001.

*Robinson, Rappaport, Jampol, Aussenberg & Schleicher, Dana A.*

---

[1] The trial court properly amended the verdict so as to delete the award of college expenses from the final decree.

*Azar*, for appellant.
*McNalley, Fox & Grant, Patrick J. Fox*, for appellee.