## S02A1020. ARNOLD v. ARNOLD.
### (566 SE2d 679)

CARLEY, Justice.

Julian Arnold (Husband) filed for divorce from Kimberly Arnold (Wife) and sought custody of their minor children. A bench trial was held. In the final decree, the trial court awarded primary physical custody to Wife, but also prohibited the children from any contact with a certain named friend of Wife and imposed on her the responsibility of being sure that there was no such exposure. In the motion for new trial, Wife urged the trial court to delete this provision from the decree. The trial court denied the motion, and Wife applied for a discretionary appeal. We granted the application to determine whether imposition of the restriction complies with the standard established by *Brandenburg v. Brandenburg*, 274 Ga. 183, 184 (1) (551 SE2d 721) (2001).

In the absence of any evidence that exposure to a third party will have an adverse effect on the best interests of the children, a trial court abuses its discretion by prohibiting a parent from exercising his or her custodial rights in that person's presence. *Brandenburg v. Brandenburg*, supra at 184 (1). Here, there is no evidence that the relationship between Wife and her friend was or will be harmful to the children, or that they ever engaged in any inappropriate conduct in the presence of the children. Thus, the trial court abused its discretion by placing an unauthorized restriction on Wife's exercise of her rights as a custodial parent. *Brandenburg v. Brandenburg*, supra at 184 (1).

*Judgment reversed. All the Justices concur.*

DECIDED JULY 15, 2002.

*Smith, White, Sharma & Halpern, Tina G. Stanford, David A. Webster*, for appellant.

Julian T. Arnold, *pro se.*

*Stephen R. Scarborough*, amicus curiae.