## S08A0704. CARLSON v. CARLSON.

(663 SE2d 673)

THOMPSON, Justice.

Husband and wife were divorced in 2005. The final judgment and decree awarded custody of the parties' two minor children to husband. As for wife's right to visit with the children, the decree provided:

All visitation shall be supervised by Visits, Inc., Ellen Delpizzo, Bertha Clay, or any other individual [who] is mutually agreeable to both parties; if Visits, Inc., is utilized to supervise [wife's] visits with the parties' minor children, then the parties shall equally divide said costs.

Husband filed several motions for contempt. In the third motion for contempt, he alleged that wife was in violation of the final judgment and decree because she failed to (1) commence and continue competent mental health therapy, and (2) refinance jointly held real estate and remove husband's name from financial obligations pertaining to the real property. Following a hearing, the trial court found wife in wilful contempt of the divorce decree. The court ordered wife to "immediately commence mental health therapy with a competent psychologist or psychiatrist" and declared that wife "shall now be responsible for one hundred percent of the cost associated with her supervised visitation with the parties' minor children." The court also ordered wife to refinance the real property within a time certain. Thereupon, wife sought and we granted a discretionary appeal to determine whether the trial court impermissibly modified the final judgment and decree.

Wife's only assertion on appeal is that the trial court did not have the power in a contempt proceeding to increase the amount of visitation costs she was required to pay. We cannot accept this assertion. Although it has long been the rule in this state that a trial court cannot modify the terms of a divorce decree in a contempt

proceeding,[1] an exception is made with regard to visitation rights. *Blalock v. Blalock*, 247 Ga. 548, 550 (1) (277 SE2d 655) (1981); *Sampson v. Sampson*, 240 Ga. 118 (239 SE2d 519) (1977). "[U]nder OCGA § 19-9-1 (b) [now OCGA § 19-9-3 (b)], the trial court is expressly authorized to modify visitation rights, even on its own motion, during a contempt proceeding." *Stewart v. Stewart*, 245 Ga. App. 20, 21 (1) (537 SE2d 157) (2000).

In *Stewart*, husband was awarded primary physical custody of the parties' child; wife was given visitation on weekends and during the summer. After the divorce, wife moved to Texas. She sent plane tickets to husband to exercise her weekend visitation privileges but husband refused to put the child on a plane. She moved for contempt alleging she was denied her right to visitation because husband would not use the plane tickets despite being ordered to do so in a previous contempt proceeding. The trial court found husband in contempt for withholding visitation and modified visitation in several respects, specifying that husband was to deliver the child to wife's residence by a suitable mode of transportation *at his expense*. Husband appealed, asserting, inter alia, the trial court was unauthorized to modify the divorce decree in a contempt proceeding by requiring him to pay the costs associated with visitation. The Court of Appeals disagreed, holding that costs involved with visitation did not amount to child support and could be modified at a contempt hearing.

The costs in this case, like the costs in *Stewart*, were directly associated with wife's visitation privileges. It follows that the trial court was empowered to increase the amount of visitation costs to be paid by wife in this contempt proceeding.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 7, 2008.

*Paul R. Koehler*, for appellant.

*Kupferman & Golden, Lawrence D. Kupferman, Gregory D. Golden*, for appellee.

---

[1] *Johnston v. Johnston*, 281 Ga. 666, 667 (641 SE2d 538) (2007); *Smith v. Smith*, 281 Ga. 204, 206 (636 SE2d 519) (2006); *Collins v. Billow*, 277 Ga. 604, 605 (592 SE2d 843) (2004).