S10F0553. WIER v. WIER.

(696 SE2d 658)

THOMPSON, Justice.

Albert and Brenda Wier were married in 1986. It was the second marriage for both of them. The parties separated in 2005, and Brenda sued Albert for divorce later that year. Following a trial, the jury awarded Brenda $200,000 as lump sum property division and $600,000 as lump sum alimony. The property division award was to be paid within 15 days; the alimony award was to be paid within 90 days. Judgment was entered accordingly. Albert sought, and we granted, discretionary review pursuant to this Court's pilot project in domestic cases.

1. Albert asserts the trial court committed reversible error in giving a pattern charge which authorized the jury to consider, inter alia,[1] "other relevant factors" which it deemed to be "equitable and proper" in determining the amount of alimony. See OCGA § 19-6-5 (a) (8). In this regard, Albert points out that although conduct is relevant to alimony entitlement, OCGA § 19-6-1 (c), conduct is not relevant in determining the amount of alimony to be awarded. See *McCurry v. McCurry*, 223 Ga. 334 (155 SE2d 378) (1967); *Harper v. Harper*, 220 Ga. 770 (141 SE2d 403) (1965). Completing the argument, Albert posits that the trial court's charge improperly permitted the jury to consider his misconduct in determining the amount of alimony. We need not reach this argument because Albert failed to object to the trial court's charge. The failure to raise an objection to the charge precludes review on appeal unless it can be said that the charge was substantially erroneous and "harmful as a matter of law." OCGA § 5-5-24 (c). Because the charge did not instruct the jury that it could consider the conduct or misconduct of the parties in fixing the amount of alimony, the charge was not substantially erroneous. Compare *McCurry*, supra.

2. After retiring to deliberate, the jury posed this question to the trial court: "[I]f we give one lump sum, does it include alimony and real property." Albert contends the trial court erred by responding that the jury should look to the verdict form for guidance. However, when the trial court proposed to respond in that manner, Albert's counsel readily agreed that this was a good course of action.[2] It follows that this enumeration of error presents nothing for review. See *Moody v. Dykes*, 269 Ga. 217, 219-220 (496 SE2d 907) (1998) (party cannot induce error and then benefit from it).

---

[1] The trial court also instructed the jury it should consider the other elements set forth in OCGA § 19-6-5 (a).

[2] "That'd be great," he said.

3. The trial court did not err in awarding Brenda $200,000 as a lump sum equitable division of property because the jury was authorized to find the value of the parties' marital property was in excess of that amount.

> [A]n equitable division of marital property does not necessarily mean an equal division. The purpose behind the doctrine of equitable division of marital property is to assure that property accumulated during the marriage be fairly distributed between the parties. Each spouse is entitled to an allocation of the marital property based upon his or her respective equitable interest therein. Thus, an award is not erroneous simply because one party receives a seemingly greater share of the marital property.

(Citations and punctuation omitted.) *Wright v. Wright*, 277 Ga. 133, 134 (2) (587 SE2d 600) (2003). See also *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980) (factfinder may award whole or part interest in property to one spouse).

4. The jury may consider assets and earning capacity, in addition to income, in fixing the amount of alimony. *Gordon v. Gordon*, 244 Ga. 21, 22 (257 SE2d 528) (1979). See also OCGA § 19-6-5 (a). Here, the evidence showed that Albert owns property valued at more than $1.6 million and his gross monthly income exceeds $16,600. In light of this evidence, it cannot be said that the lump sum alimony award was excessive. Nor does the evidence suggest that the jury was motivated by an intent to punish Albert for his marital misconduct.

5. Finally, Albert complains that he is unable to pay the equitable division and alimony awards within such a short time frame. However, he has failed to present evidence of his inability to pay in a timely fashion. Moreover, under Georgia law, a party can be required to sell or encumber property in order to pay equitable division and alimony awards. See generally *Hollandsworth v. Hollandsworth*, 242 Ga. 790 (251 SE2d 532) (1979) (equitable division of marital property may be made by sale of property and such a division may be required by the court). Albert can sell or encumber his property, or take any other action he deems necessary, to comply with the trial court's order.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 28, 2010.

*Simmons & Szczecko, Joseph Szczecko*, for appellant.

*Allen W. Bodiford*, for appellee.