## S10F1818. SIMMONS v. SIMMONS.
### (706 SE2d 456)

HUNSTEIN, Chief Justice.

Kristi Simmons ("Wife") filed for divorce from Gregory Simmons ("Husband") after 16 years of marriage. The parties have one child, who was born in June 1996. Following a bench trial, the trial court issued a final judgment and decree of divorce wherein, inter alia, it ordered Husband to pay monthly child support of $1,137; to maintain $150,000 in insurance on his life for the benefit of the child and establish a trust in which to place any proceeds; to pay all medical insurance and uncovered medical expenses for the child; to be responsible for debts associated with his truck; and to pay Wife $15,000 in attorney fees. Husband's application for discretionary review was granted pursuant to this Court's Family Law Pilot Project, see *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003), and, finding no error, we affirm.

1. Husband contends that the trial court erred in calculating child support by including K-1 income in his gross income. The evidence shows that Husband is employed by and owns approximately 23 percent of the stock of Holbrook Waterproofing Company ("Company"), a Subchapter S corporation; his mother is the other shareholder of this closely held corporation. The Subchapter S designation means that "[Company's] shareholders, instead of the corporation itself, [are] required to report their proportionate share of [Company's] taxable business income on their individual tax returns and pay the appropriate federal income taxes." *Trawick Constr. Co. v. Georgia Dept. of Revenue*, 286 Ga. 597 (690 SE2d 601) (2010). This proportionate share of corporate income is reported on Internal Revenue Service Schedule K-1.

Husband argues that his K-1 income should not be considered in the calculation of gross income for child support purposes because it is merely a bookkeeping entry and does not represent income that he has actually received. This argument has been decided adversely to Husband. *Appling v. Tatum*, 295 Ga. App. 78 (2) (670 SE2d 795) (2008). We also note that other amounts not actually received, e.g., payroll taxes, are included in gross income. See OCGA § 19-6-15 (f) (1) (A).

Husband claims in a related enumeration of error that, even if K-1 income is properly included in gross income, it was unreasonable

for the trial court to use an average of his K-1 income over the past three years rather than an average calculated over a longer period. The statutory guidelines provide only that income from a closely held corporation "should be carefully reviewed" when determining an appropriate level of gross income to use in calculating child support, OCGA § 19-6-15 (f) (1) (B),[1] however, and the trial court did not abuse its discretion in its review of Husband's history of K-1 income.

2. Husband claims that the trial court erred in calculating child support by improperly including certain employment benefits in his gross income. The trial court found that Husband's gross monthly income is $10,869.40, made up of $5,782.78 in wages; $2,316.92 in K-1 income; and $2,769.70 in "fringe benefits." The "fringe benefits" referenced in the trial court's order include Company's payment of $1,200 a month on the loan for the Company-owned Dodge Ram truck used by Husband[2] and its coverage of vehicle expenses including gas, tags, insurance and repairs; Company's payment for Husband's cell phone; and Husband's use of a Company-issued credit card for items including meals and social activities.[3] Because these benefits "significantly reduce personal living expenses," they are properly considered fringe benefits and included in gross income. OCGA § 19-6-15 (f) (1) (C).

Husband argues in several enumerations of error that the trial court also included in gross income Company's payments for his life insurance and medical insurance, its contribution to his 401(k), and its $11,078 loan to him for the payment of taxes on his K-1 income. See OCGA § 19-6-15 (f) (1) (C) (employer-paid standard benefits such as health insurance premiums and contributions to retirement plans are not included in fringe benefits). In its order, the trial court referenced these "benefits" separately from the "fringe benefits"

---

[1] Husband looks to OCGA § 19-6-15 (f) (1) (D) in arguing that K-1 income must be averaged over "a reasonable period of time" and that the use of a three-year period here is unreasonable because Company's performance has been above average in those years. However, K-1 income is categorized as "self-employment income," see *Appling*, supra, 295 Ga. App. at 80 (2); OCGA § 19-6-15 (f) (1) (B), and is thus not subject to the requirements set forth in OCGA § 19-6-15 (f) (1) (D) for "variable income."

[2] Husband argues that the trial court erred by categorizing the entire loan payment as a fringe benefit when he testified that only ten to fifteen percent of his use of the truck is personal. However, the record reflects that the truck is the sole vehicle that Husband uses, whether for business or personal purposes. Because the unfettered use of this Company-owned truck has seemingly eliminated Husband's need to purchase his own vehicle, we cannot say that the trial court abused its discretion in this regard.

[3] Husband takes issue with the language in a footnote to the order wherein the trial court noted that Husband had no debits on his personal bank statements for meals outside of the home or gasoline, which supported testimony that Company paid for all such expenses. Husband argues that he paid cash for some of these items. However, he has failed to show that the amount the trial court attributed to this particular fringe benefit, whether representing all or part of such personal living expenses, was inappropriate.

discussed above, however, and Husband has failed to show that these amounts are encompassed in the $10,869.40 monthly gross income total.

As for Husband's contention that the trial court improperly used the Social Security wages from his 2009 W-2 form because this amount included Company's contribution to his 401(k) account, the $5,782.78 wage figure used by the trial court is the same as that provided by Husband in his domestic relations financial affidavit. Thus, this argument presents nothing for our review. See *Wier v. Wier*, 287 Ga. 443 (2) (696 SE2d 658) (2010) (party cannot seek to benefit from self-induced error).

3. The trial court ordered that Husband maintain insurance on his life in the amount of $150,000 with the sole beneficiary being a trust "for the benefit of the minor child" and Wife named as trustee. Husband cites as error the requirements that he maintain life insurance in an amount that exceeds his cumulative child support obligation and that he establish a trust for any proceeds therefrom.

> In any case before the court involving child support, the court may include in the order of support provision for life insurance on the life of either parent or the lives of both parents for the benefit of the minor child[ ]. The court may order either parent or both parents to obtain and maintain the life insurance.

OCGA § 19-6-34 (a).[4] The statute does not limit the value of any such insurance to the future child support obligation of the parent. The amount is within the trial court's discretion, and we cannot say that the trial court abused its discretion here. Likewise, we disagree with Husband's contention that the trial court exceeded the scope of OCGA § 19-6-34 by ordering the creation of a trust for any life insurance proceeds. See generally *Henry v. Beacham*, 301 Ga. App. 160 (2) (a) (686 SE2d 892) (2009) (trial court's requirement that trust be created was supported by child support guidelines).

Husband also argues that the trial court failed to consider the cost of the life insurance in calculating his child support obligation. Although OCGA § 19-6-34 (b) provides that "[t]he amount of the premium for such life insurance *may* be considered as a deviation to

---

[4] To the extent that *Mongerson v. Mongerson*, 285 Ga. 554 (1) (678 SE2d 891) (2009) can be read to require that the affected parent agree to the imposition of such a life insurance provision, id. at n. 2, it is hereby disapproved. The cases cited in *Mongerson* for this proposition were decided prior to the 1995 amendment to the child support statute, Ga. L. 1995, p. 603, § 3 (enacting OCGA § 19-6-34), which did not incorporate this requirement. See 12 Ga. St. U. L. Rev. 169, 180, n. 92 (1995) (OCGA § 19-6-34 intended to remedy negative effects of prior case law).

the presumptive amount of child support'' (emphasis supplied), see OCGA § 19-6-15 (i) (2) (D), the trial court did not abuse its discretion by declining to consider a deviation here because the evidence indicated that Company, rather than Husband, paid the premiums on Husband's life insurance policies. See Division 2, supra.

4. Husband contends that the trial court erred by requiring him to pay the entire cost of the child's medical insurance and uncovered medical expenses. Although Husband is correct that he has been ordered to pay the premiums for the child's insurance coverage, the child support worksheet incorporated into the trial court's order clearly shows that an adjustment to the presumptive amounts of child support has been made to account for this expense. In accordance with OCGA § 19-6-15 (h) (2) (A) and using Wife's pro rata share of the parties' combined income, 26 percent of the amount of the health insurance premium has been deducted from Husband's basic child support obligation and added to Wife's. As for the child's uncovered medical expenses, "[t]he parents shall divide the uninsured health care expenses pro rata, unless otherwise specifically ordered by the court." OCGA § 19-6-15 (h) (3) (A). The trial court did not abuse its discretion in ordering otherwise here.

5. Husband challenges the provision of the decree awarding him possession of the Company-owned truck he uses and obligating him for any associated debts and ongoing expenses. The evidence was undisputed that the truck used by Husband is owned by Company, and this provision does not purport to change any aspect of the arrangement between Husband and Company, a non-party, as to the truck. For purposes of the equitable division of marital property between the two parties, it merely provides that Wife has no interest in this vehicle or obligation therefor. Although the provision could have been more artfully drafted, the trial court did not abuse its discretion in this regard.

6. Finally, Husband maintains that the trial court erred by awarding Wife attorney fees in the amount of $15,000. Counsel for Wife indicated at the close of the bench trial that prior counsel had been paid a $2,000 retainer and was owed $2,400, and that current counsel's fees and expenses incurred to date were approximately $11,700. In its oral ruling, the trial court stated that it would award Wife a substantial portion of her attorney fees because she will be the primary physical custodian of the parties' child.

OCGA § 19-6-2 authorizes the trial court in a divorce action to exercise its sound discretion and, after considering the financial circumstances of the parties, to award attorney fees as necessary to ensure the effective representation of both parties. *Mongerson v. Mongerson*, 285 Ga. 554 (7) (678 SE2d 891) (2009). Although the final judgment and decree here does not cite a statutory basis for the

attorney fee award, that omission does not mean that the basis of the award is in question. See id. Wife requested attorney fees in her complaint, as did Husband in his answer and counterclaim. No motion for attorney fees was made pursuant to OCGA § 9-15-14 (authorizing award for frivolous actions and defenses), and there is no indication that the trial court considered an award of attorney fees on that basis. Thus, we conclude that the award was made pursuant to OCGA § 19-6-2. See *Mongerson*, supra; compare *Leggette v. Leggette*, 284 Ga. 432 (2) (668 SE2d 251) (2008) (reversing award where motion sought fees pursuant to both OCGA §§ 19-6-2 and 9-15-14, and award was made without findings of fact or specification of statutory basis). The record indicates that the trial court considered the relative financial positions of the parties and there was no abuse of its discretion in making the award.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 2011.

*David A. Powell*, for appellant.
*Wanda L. Barnett, David A. Webster*, for appellee.