## S11A0437. WARD v. WARD.

(710 SE2d 555)

NAHMIAS, Justice.

Appellant Dorene Ward and appellee Richard Ward were divorced in March 2007. Richard was awarded primary physical custody of the parties' two young children. Dorene was awarded substantial visitation and was required to pay child support. In February 2008, Dorene filed this action, seeking to hold Richard in contempt of the final divorce decree, to obtain sole custody of the children, and to obtain child support in the event child custody was given to her. Richard counterclaimed for an increase in child support and for attorney fees. After a hearing, the trial court ruled that Richard was not in contempt, declined to modify custody, increased Dorene's monthly child support payment, amended the visitation provision of the final decree to provide that Dorene "shall not have any overnight male guests while the minor children are present," and awarded Richard $10,000 in attorney fees.

Dorene filed an application to appeal, which this Court automatically granted under OCGA § 5-6-35 (j) because she had the right to a direct appeal under OCGA § 5-6-34 (a) (11) based on the child custody issue she raised. On appeal, Dorene contends that the trial court erred by adding the visitation provision and in awarding attorney fees.[1]

1. Dorene contends that the amended visitation provision is overbroad, because on its face it prohibits her from having her father, a brother, a new spouse, or even the children's father spend the night at her house while the minor children are present. We agree. A trial court has discretion to place restrictions on custodial parents' behavior that will harm their children. See *Arnold v. Arnold,* 275 Ga. 354, 354 (566 SE2d 679) (2002) (holding that if evidence shows that "exposure to a third party will have an adverse effect on the best interests of the children," a trial court may prohibit a parent "from exercising his or her custodial rights in that person's presence"); *Brandenburg v. Brandenburg,* 274 Ga. 183, 184 (551 SE2d 721) (2001) (holding that the husband's relationship with a girlfriend "could support the imposition of certain limitations upon his visita-

---

[1] We reject Richard's contention that Dorene waived her right to raise these two issues on appeal.

tion rights if it was shown that such conduct adversely affects his children"). Here, however, even assuming that the evidence was sufficient to find that the children would be adversely affected if any boyfriends of Dorene spent the night with her, the restriction against *"any* overnight male guests" would prohibit Dorene from having visitors with whom she has no romantic relationship and for whom the record does not support a finding of any harmful effect on her children. Accordingly, the trial court abused its discretion in adopting this provision. See *Arnold*, 275 Ga. at 354; *Brandenburg*, 274 Ga. at 184.

2. We also agree with Dorene that the trial court erred in awarding attorney fees. "Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract." *Moon v. Moon*, 277 Ga. 375, 378 (589 SE2d 76) (2003). Here, because the case involved an action for contempt of a divorce decree and modification of child support and was not purely an action for modification of custody, the award could have been based on OCGA § 19-6-2. See *Roberts v. Tharp*, 286 Ga. 579, 581 (690 SE2d 404) (2010); *McDonogh v. O'Connor*, 260 Ga. 849, 850 (400 SE2d 310) (1991). OCGA § 19-6-2 "authorizes a trial court in a divorce action to exercise its sound discretion and, after considering the financial circumstances of the parties, to award attorney fees as necessary to ensure the effective representation of both parties." *Simmons v. Simmons*, 288 Ga. 670, 673 (706 SE2d 456) (2011). The award of attorney fees also could have been based on OCGA § 9-15-14, which authorizes attorney fees in any civil action against a party who asserts frivolous claims or defenses. Where a review of the record does not reveal whether the trial court based the award on § 19-6-2 or § 9-15-14, "the issue of attorney fees must be remanded for an explanation of the statutory basis for the award and any findings necessary to support it." *Cason v. Cason*, 281 Ga. 296, 300 (637 SE2d 716) (2006).

Having reviewed the record in this case, we conclude that the award of attorney fees must be vacated and remanded. The trial court did not specify the statutory basis for its award either at the final hearing or in its written order. Although Richard also did not identify the statutory basis for his request for attorney fees, he moved for "reasonable attorney fees for having to defend this frivolous action," thus indicating that he was relying on OCGA § 9-15-14. At the hearing, after explaining its reasons for denying Dorene's request for custody modification, the trial court said that "this was a weak case for a change." It is unclear whether the court meant for this remark to explain its award of attorney fees to Richard, as a "weak" case is not necessarily the same as a "frivolous" case, but the comment suggests that the court intended to

award fees under OCGA § 9-15-14. However, "[a]n order awarding attorney fees under OCGA § 9-15-14 must include findings of conduct that authorize the award," *Cason*, 281 Ga. at 300, and the trial court's order contains no such findings, so any award under § 9-15-14 cannot stand.

In addition, at the final hearing and in the court's order, there is no indication that the trial court made the award under OCGA § 19-6-2 based on the financial circumstances of the parties. Compare *Simmons*, 288 Ga. at 673-674 (concluding that the award was properly made pursuant to § 19-6-2 where the wife did not move for attorney fees under § 9-15-14, "there is no indication that the trial court considered an award of attorney fees on that basis," and the "record indicates that the trial court considered the relative financial positions of the parties"). Accordingly, we vacate the award of attorney fees and remand the issue to the trial court to explain "the statutory basis for the award" and to make "any findings necessary to support it." *Cason*, 281 Ga. at 300.

*Judgment reversed in part, vacated in part, and case remanded with direction. All the Justices concur.*

DECIDED MAY 31, 2011.

*Miller & Brown, John B. Miller*, for appellant.
*M. Barbara Gayle Moon*, for appellee.