# Court of Appeals
# of the State of Georgia

ATLANTA,   January 09, 2015

*The Court of Appeals hereby passes the following order:*

## A15A0122. LUNDY v. LUNDY.

On October 24, 2011, Christopher Lundy petitioned for change of custody of his minor children, then eight and ten years of age. On November 19, 2013, Kristina Lundy moved to dismiss the petition for modification of custody and also filed a motion for contempt regarding a visitation provision of an interim order filed in the change of custody case. On November 21, 2013, the trial court issued a final custody order denying Christopher Lundy's petition for change custody of the minor children. The record on appeal does not show that the trial court ruled on Kristina Lundy's motion for contempt. On January 23, 2014, Kristina Lundy moved for attorney fees pursuant to OCGA § 19-6-2. On June 16, 2014, the trial court entered an order awarding Kristina Lundy $4,500 in attorney fees. The order does not specify the statutory basis for the award of attorney fees, nor does it contain any findings of fact in support of the award. Christopher Lundy appeals.

"Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract." (Citation and punctuation omitted.) *Ward v. Ward*, 289 Ga. 250, 251 (2) (710 SE2d 555) (2011). Here, Kristina Lundy moved for attorney fees pursuant to OCGA § 19-6-2. That Code section provides that an award of attorney fees as a part of the expenses of litigation, made at any time during the pendency of an action for alimony, divorce and alimony, or contempt of court orders involving child custody and child visitation rights and similar matters shall be based, inter alia, on consideration of the financial circumstances of both parties so as "to ensure the effective representation of both parties." (Citation and punctuation

omitted.) *Ward v. Ward*, 289 Ga. at 251 (2). Although Kristina Lundy filed a motion for contempt based on a visitation order, it does not appear on the record that her motion was ever ruled upon, and thus a contempt order could not provide a basis for the award of attorney fees. Furthermore, Christopher Lundy's notice of appeal stated that a transcript of the evidence and proceedings would not be filed for inclusion in the record on appeal, and nothing else in the record indicates that the trial court made the award under OCGA § 19-6-2 based on the financial circumstances of the parties. Accordingly, an award of fees under that section cannot stand. Id.

Kristina Lundy contends that the award of attorney fees alternatively could have been based on OCGA § 19-9-3, which provides, in subsection (g):

> Except as provided in Code Section 19-6-2, and in addition to the attorney's fee provisions contained in Code Section 19-6-15, the judge may order reasonable attorney's fees and expenses of litigation, experts, and the child's guardian ad litem and other costs of the child custody action and pretrial proceedings to be paid by the parties in proportions and at times determined by the judge.

Because the trial court's order did not state that OCGA § 19-9-3 (g) was the statutory basis for the attorney fee award and did not set out the findings necessary to support such an award, appellate review under this Code section is not possible. *Driver v. Sene*, 327 Ga. App. 275, 279 (4) (758 SE2d 613) (2014); *Kuehn v. Key*, 325 Ga. App. 512, 518 (2) (754 SE2d 103) (2014).

Finally, Kristina Lundy contends that the award of attorney fees also could have been based on OCGA § 9-15-14, which authorizes attorney fees in any civil action against a party who asserts frivolous claims or defenses. "However, an order awarding attorney fees under OCGA § 9-15-14 must include findings of conduct that authorize the award[.]" (Citation and punctuation omitted.) *Ward v. Ward*, 289 Ga. at 251 (2). Because the trial court's order did not state that OCGA § 9-15-14 was the statutory basis for the attorney fee award and did not set out the findings necessary to support such an award, appellate review under this Code section is also not

possible. Id.

Accordingly, we hereby VACATE the award of attorney fees and REMAND this case to the trial court to explain the statutory basis for the award and to make any findings necessary to support it. *Ward v. Ward*, 289 Ga. at 252 (2); *Driver v. Sene*, 327 Ga. App. at 279 (4); *Kuehn v. Key*, 325 Ga. App. at 518 (2).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*_____01/09/2015_____
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*