**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY, and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 2, 2015**

# In the Court of Appeals of Georgia

A15A0977. COLE v. COLE.

BARNES, Presiding Judge.

Robert Cole appeals the trial court's order directing him to pay attorney fees to his ex-wife's attorney in a contempt action. He contends that the trial court erred in awarding the fees because (1) his ex-wife did not file a separate motion for fees and he was not afforded a separate hearing on the fees issue, (2) his contempt petition was not frivolous, and (3) the court failed to consider any evidence of the parties' financial circumstances. For the reasons that follow, we affirm the trial court's dismissal of the contempt petition, but vacate the fees award and remand this case for further proceedings or findings as that award.

Mr. Cole and Cindy Cole were divorced in June 2013, and a settlement agreement regarding custody, support, and visitation of their children was incorporated into the final judgment and decree. In June 2014, Mr. Cole filed a

petition for contempt against Mrs. Cole, contending that she had wilfully violated several provisions of the parties' custody and visitation agreement by allowing a caretaker to spank one of the children, by leaving the children in the care of others without first offering him "the right of first refusal to exercise visitation," and by camping with the children and her boyfriend in violation of the provision that neither party have an overnight guest of the opposite sex while exercising their custody and visitation rights with the children.

Mrs. Cole answered, denying the allegations of the petition and seeking attorney fees and expenses of litigation pursuant to OCGA § 19-16-2 for having to defend the claims. After a hearing at which the court heard evidence, the trial court dismissed the contempt petition as groundless, and then heard Mrs. Cole's counsel regarding the amount of attorney fees incurred thus far. In its written order, the trial court found that Mrs. Cole was not in contempt because she had not violated the terms of the parties' agreement. The court further found that Mr. Cole's petition was frivolous, lacked substantiating evidence, and "was an effort to 'nit-pick' the Court's prior Orders rather than to view the spirit and overall intent of the Court's prior Orders." It awarded Mrs. Cole $3,000 in attorney fees and found that, based on the

2

evidence presented, the fees awarded were reasonable and customary given the nature of the case, and the level of defense counsel's preparation and years of experience.

1. Mr. Cole contends that the trial court erred in its attorney fee award because Mrs. Cole never filed a separate motion for fees and because Mr. Cole was not afforded a separate hearing on the issue. A review of the record reveals that Mr. Cole never objected to the trial court's consideration of attorney fees during the contempt hearing, and thus he has waived this issue for appellate review. See *Mongerson v. Mongerson*, 285 Ga. 554, 559 (7) (678 SE2d 891) (2009), overruled on other grounds, *Simmons v. Simmons*, 288 Ga. 670, 672 (3), n. 4 (706 SE2d 456) (2011).

2. Mr. Cole asserts that the trial court erred in awarding attorney fees because his contempt petition was not completely frivolous but had some merit. A trial court's ruling on contempt will be affirmed on appeal if there is any evidence to support it. *Doritis v. Doritis*, 294 Ga. 421, 425 (5) (754 SE2d 53) (2014). We have reviewed the petition and the evidence presented at the hearing in this case, and conclude that the trial court did not abuse its discretion in finding that the petition was frivolous.

3. Finally, Mr. Cole contends that the trial court erred in awarding attorney fees to Mrs. Cole absent evidence of the parties' financial circumstances or a motion for fees under OCGA § 9-15-14. Mrs. Cole prayed for attorney fees pursuant to OCGA

§ 19-6-2, which allows the award of fees in a case asserting contempt of a visitation and custody agreement "[w]ithin the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party." OCGA § 19-6-2 (a) (1).

The trial court did not cite the statutory authority for its fees award, but found that the contempt petition was frivolous and brought without substantiating evidence.

> Generally an award of attorney fees is not available unless supported by statute or contract. OCGA § 19-6-2 authorizes a court, within its discretion, to award attorney fees in a contempt of court action arising out of a divorce case; however, the court is to consider the financial circumstances of both parties in assessing such an award. See OCGA § 19-6-2 (a) (1). An award under OCGA § 19-6-2 depends on the financial circumstances of the parties, not their wrongdoing; it is to be made with the purpose of ensuring effective representation of both spouses in an action arising out of a divorce.

> Alternatively, OCGA § 9-15-14 (b) authorizes a court to award attorney fees if it finds that a party brought or defended an action, or any part thereof, that lacked substantial justification or was interposed for delay or harassment, or if it finds that a party unnecessarily expanded the proceeding by other improper conduct. An order awarding attorney fees

4

under OCGA § 9-15-14 must include findings of conduct that authorize the award.

Here, the trial court failed to make findings sufficient to support such an award under either section. Thus, the issue of attorney fees must be remanded for an explanation of the statutory basis for the award and any findings necessary to support it.

(Citations and punctuation omitted.) *Cason v. Cason*, 281 Ga. 296, 299-300 (3) (637 SE2d 716) (2006).

*Judgment vacated and case remanded for further proceedings. Ray and McMillian, JJ., concur.*