## 38662. CHANDLER v. CHANDLER et al.

CLARKE, Justice.

This appeal presents the question whether the will of C. W. Chandler passed to his wife Mazelle a fee simple or a life estate in certain assets.

The provision in question reads as follows: "I bequeath to my wife, Mazelle M. Chandler, my entire estate, and desire that she act as administratrix (sic) of my estate being excused from making bond, or andy (sic) report to Ordinary Court or any other Court. I further desire that at her death, that my estate go to our son Mose G. Chandler, to Administer with freedom from making report to Ordinarys (sic) Court or any other Court: With the exception listed in Item #4 below."

In the construction of a will, the cardinal rule is that the court must diligently search for the intent of the testator. Code Ann. § 113-806; *Morton v. Murrell,* 68 Ga. 141 (1881); *Harper v. Fuller,* 214 Ga. 67 (102 SE2d 553) (1958). Where the will is ambiguous, the court may hear parol evidence to explain all ambiguities. Code Ann. § 113-807. The trial court, in construing C. W. Chandler's will, found the word "desire" in the final sentence of the provision in question to be merely a precatory word expressing the testator's hope and recommendation.

The evidence supported the trial court's finding that testator intended that his wife take a fee. The word "desire" expressed only the hope of testator that Mazelle would consider the son.

When a testator devises a fee interest, the court will not by construction reduce that estate unless language of limitation unmistakenly indicates the intent of the testator to reduce or limit the fee. *Johnson v. Johnson,* 240 Ga. 21 (239 SE2d 346) (1977). Precatory words following the gift of a fee will not "cut down" the interest devised. *Daniel v. Stewart,* 152 Ga. 423 (110 SE 178) (1921).

The trial court's judgment that the testator devised his entire estate to his wife Mazelle in fee simple must be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 22, 1982.

*Benton & Brown, L. Eddie Benton, Jr.,* for appellant.
*Davis, Davidson & Hopkins, Jack S. Davidson, Sam S. Harben, Jr.,* for appellees.