## S96A0833. RICHWOOD & ASSOCIATES, INC. v. OSBORNE.
### (475 SE2d 606)

FLETCHER, Presiding Justice.

Gloria Dean Smartwood Osborne filed a motion for contempt against her former husband, Allen L. Osborne, for his failure to pay alimony. She sought to join her ex-husband's employer, Richwood & Associates, as a party to the contempt action. We granted the employer's discretionary application to consider whether a party can add a Georgia corporation as a joint tortfeasor in a motion for contempt of a divorce decree. We reverse because the trial court did not have jurisdiction to consider the wife's tort claim against the employer in this contempt action.

A contempt motion to enforce a divorce decree is an independent proceeding that is ancillary to the divorce action.[1] Because a contempt action is not a new civil action, many provisions of the Civil Practice Act do not apply. Thus, a party is limited in the type of claims that may be brought[2] and may not file either a counterclaim or cross-claim.[3]

Richwood was not a party to the original divorce action and the wife is not seeking to enforce its compliance with a decree to which it was not a party. Instead, her motion to join Richwood as a defendant alleges that the employer conspired with her former husband to defeat her efforts to enforce the trial court's orders and judgment in the divorce action. Because the filing of a contempt motion is not tantamount to the filing of a complaint, the wife cannot allege a separate count for conspiracy against the husband's employer as part of the contempt action. To bring a third-party conspiracy claim, she must

---

[1] See *Brown v. King,* 266 Ga. 890 (472 SE2d 65) (1996).

[2] See, e.g., *Blalock v. Blalock,* 247 Ga. 548, 550 (277 SE2d 655) (1981) (holding that party may file motion to modify visitation rights in contempt proceeding); see generally Dan E. McConaughey, Georgia Divorce, Alimony and Child Custody, § 14-3 (describing limited authority of trial courts in contempt actions).

[3] See *McNeal v. McNeal,* 233 Ga. 836 (213 SE2d 845) (1975); *Davis v. Davis,* 230 Ga. 33, 34 (195 SE2d 440) (1973).

file a new tort action. Therefore, we reverse the trial court's order adding Richwood as a party in this action.
*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1996.

*William R. Hurst, Michael D. Barber,* for appellant.
*Ballard, Stephenson & Waters, Billy J. Waters,* for appellee.