## S97A1654. COCHRAN v. COCHRAN.
### (495 SE2d 31)

FLETCHER, Presiding Justice.

Donald E. Cochran appeals the denial of his motion for new trial following a judgment granting specific performance and vesting title to real property in his son Don "Scott" Cochran. Donald Cochran challenges the consolidation of the specific performance action with his divorce action. Because he consented to the consolidation, we affirm.

Donald Cochran and his wife Dorothy Cochran were in the midst of divorce proceedings when their son Scott Cochran filed suit against his father for specific performance of an agreement to convey real property. In April 1995, the trial court entered an order consolidating the two actions. In several pre-trial hearings, the trial court and counsel discussed trying the cases together, if the parties consented. On more than one occasion Donald Cochran agreed to a joint trial. Again on May 6, 1996, the first morning of trial, the trial court confirmed that all parties consented to try the cases consecutively to the same jury. The parties tried the equity case first, followed by the divorce case.[1] The jury found that Scott Cochran was the equitable

---

[1] This court previously denied Donald Cochran's application to appeal the judgment in the divorce action. *Cochran v. Cochran*, No. S97D1313, denied May 27, 1997.

owner of the property and the trial court entered a decree of specific performance on the jury's verdict.

1. Donald Cochran contends that the trial court erred in consolidating the two actions. We need not consider whether the trial court erred in entering the April 1995 order because Cochran alleges no harm from that order, but challenges only the procedure of sequential trials before the same jury.

2. Donald Cochran's contention that he did not consent to the trial procedure is not supported by the record. The record reflects that the trial court confirmed in a pre-trial conference and in open court that the parties consented to this procedure. The fact that Donald Cochran's consent to consolidate is reflected only through his counsel is immaterial. A party's consent through counsel is sufficient.[2] Thus, the consent requirement of O.C.G.A. § 9-11-42 (a)[3] was met and there was no error in the procedure employed.

3. After reviewing the record we find no merit in Donald Cochran's contention that the trial procedure so affected the fairness and integrity of the judicial proceeding that it is reversible despite the parties' consent.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 1998 —
RECONSIDERATION DENIED FEBRUARY 23, 1998.

*Cook, Noell, Tolley & Wiggins, Edward D. Tolley,* for appellant.
*Vaughan & Murphy, Charles C. Murphy, Jr., Ellen G. Schlossberg, Smith, Gilliam & Williams, Kelly A. Miles,* for appellee.

---

[2] *Wright v. Thompson,* 236 Ga. 655, 657 (225 SE2d 226) (1976).
[3] See *Ford v. Uniroyal Goodrich Tire Co.,* 267 Ga. 226, 229 (476 SE2d 565) (1996) (parties must consent before a trial court may consolidate or join related actions for trial).