S02A1294. BANKS v. HOPSON.
(571 SE2d 730)

FLETCHER, Chief Justice.

Following a non-jury trial, the trial court granted the mother's petition to determine paternity and the father's petition for legitimation and ordered the father to pay monthly child support. The issue in this appeal is whether a party in a consolidated paternity and legitimation action is entitled to a jury trial on child support. Relying on the language and purpose of the paternity statute, we hold that a claim for child support that is part of a petition to establish paternity falls within the statutory prohibition in OCGA § 19-7-40 (a) against jury trials when a paternity case is consolidated with a legitimation case. Because the trial court properly ruled that the mother was not entitled to a jury trial on her child support claim in this consolidated action, we affirm.

Victoria Banks filed a complaint against Joseph Hopson, a former boyfriend, for determination of paternity and the award of child support.[1] In his answer, Hopson admitted that he was named as the biological father on the child's birth certificate and that he was paying $750 per month in child support. Eight months later, Hopson filed a complaint for legitimation and Banks filed a counterclaim for child support, demanding a trial by jury under OCGA § 19-7-22 (f). The trial court combined the two actions for trial based on the consent of the parties, which the Civil Practice Act requires for consolidation under Georgia law.[2] The day before the specially set bench

---

[1] See OCGA §§ 19-7-40 to 19-7-53.
[2] See OCGA § 9-11-42 (a).

trial, Banks filed another demand for a jury trial on the issues of child support and visitation. The trial court denied the request on the grounds that there is no right to a jury trial in a paternity action.

At the bench trial, Hopson stipulated that he was the biological father of the minor child, and Banks consented to the child's legitimation. After a two-day hearing, the trial court deemed the child legitimate, ordered the father to pay $1,250 in monthly child support, and set out a visitation schedule. Banks filed an application for a discretionary appeal, which the Court of Appeals for the State of Georgia denied. This Court granted her petition for certiorari to resolve the conflict between OCGA § 19-7-40 (a), which prohibits jury trials in paternity actions, and OCGA § 19-7-22 (f), which allows jury trials on child support in legitimation proceedings.

1. The Georgia General Assembly enacted the two acts that are in conflict on the same day in 1997.[3] The Domestic Relations Act was a comprehensive law that made sweeping changes to alimony and child support enforcement procedures to bring the state into compliance with the Federal Welfare Reform Act.[4] The federal act mandated that each state have in effect laws requiring the use of certain procedures to improve the effectiveness of child support enforcement.[5] Among the procedures required were ones concerning the establishment of paternity, including procedures "providing that the parties to an action to establish paternity are not entitled to a trial by jury."[6] In response to this federal mandate, the legislature amended OCGA § 19-7-40 (a) to prohibit jury trials: "Parties to an action to establish paternity shall not be entitled to a trial by jury."[7]

The second act, the Juvenile Proceedings Act, dealt with laws related to the parent-child relationship in juvenile court.[8] Of relevance in this appeal are the act's provisions giving the juvenile court jurisdiction to hear legitimation petitions and either parent the right to a jury trial in superior court on support.[9] OCGA § 19-7-22 (f) pro-

---

[3] See Domestic Relations Act, Act No. 491, 1997 Ga. Laws 1613; Juvenile Proceedings Act, Act No. 493, 1997 Ga. Laws 1681.

[4] See Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. No. 104-193, 110 Stat. 2105 (1996), codified at 42 U.S.C.A. § 601-669b ("Part D – Child Support and Establishment of Paternity") (Supp. 2002); Domestic Relations Act, 1997 Ga. Laws 1613 (amending six code titles related to child support, spousal support, paternity, and uniform interstate family support). See generally Jaimie Johnson, Peach Sheet, *Domestic Relations*, 14 Ga. St. U. L. Rev. 121, 124-127 (1997) (describing history of Domestic Relations Act).

[5] See 42 U.S.C.A. § 654 (20); 42 U.S.C.A. § 666 (a) (Supp. 2002).

[6] 42 U.S.C.A. § 666 (a) (5) (I) (Supp. 2002).

[7] See 1997 Ga. Laws at 1614, 1629.

[8] See 1997 Ga. Laws 1681 (amending statutory provisions in code titles on courts and domestic relations related to biological fathers who are not legal fathers, termination of parent-child relationships, and legitimation proceedings).

[9] See OCGA §§ 15-11-28 (e) (2001); 19-7-22 (a)-(f) (1999).

vides: "After a petition for legitimation is granted, if a demand for a jury trial as to support has been properly filed by either parent, then the case shall be transferred to superior court for such jury trial."[10]

In construing these conflicting statutes, we consider the statutory language and legislative intent, keeping in view the old law, the evil being addressed, and the remedy.[11] The purpose of a paternity proceeding is to determine whether a particular individual is the father of the child and to establish his duty of support.[12] The statute under which Banks filed her complaint expressly states that no party to an action to establish paternity is entitled to a jury trial. By enacting this prohibition, the legislature intended to comply with federal mandates on welfare reform requiring states to implement procedures that would improve child support enforcement. In eliminating the right to a jury trial, as required, the legislature provided a more efficient process by which interested parties could establish paternity and obtain the father's child support payments; the ban also ended the dilatory tactic of demanding a jury trial to delay a decision on child support.[13] Based on the plain language and purpose of the paternity statute, we conclude that Banks was not entitled to a jury trial on her child support claim in her complaint for determination of paternity.[14]

2. Banks contends, however, that she is entitled to a jury trial based on the request that she filed as part of her counterclaim in the father's legitimation action. She bases this entitlement on the following argument: paternity was not an issue at trial after Hopson stipulated to paternity; therefore, the ban on jury trials in OCGA § 19-7-40 (a) no longer controlled; the remaining issues before the trial court were legitimation, which Banks did not oppose, visitation, and child support; under OCGA § 19-7-22 (f), she had an express statutory right to a jury trial on child support.

Although this argument has superficial appeal, it ignores the historical purpose of paternity actions and the legislature's reasons for eliminating jury trials in paternity proceedings. When the gen-

---

[10] See also OCGA § 15-11-28 (e) (3) (2001) (same provision included in chapter on juvenile proceedings in Title 15 on courts).

[11] See OCGA § 1-3-1.

[12] See *Worthington v. Worthington*, 250 Ga. 730, 732 (301 SE2d 44) (1983) (*statute* enacted to provide an additional method of enforcing the duty of support); *Poulos v. McMahan*, 250 Ga. 354, 361 (297 SE2d 451) (1982) (describing new code chapter as providing a civil procedure for "the determination of paternity and the entry of orders for the support of the child").

[13] See Peach Sheet, 14 Ga. St. U. L. Rev. at 133.

[14] Cf. *Kelly v. Georgia Dep't of Human Resources*, 269 Ga. 384, 385 (498 SE2d 741) (1998) (holding neither Georgia Constitution nor Child Support Recovery Act gave father the right to jury trial when state agency filed petition under OCGA § 19-11-12 seeking modification of child support).

eral assembly created a civil procedure for determining paternity, it provided that the sole effect of the paternity order "shall be to establish the duty of the father to support the child."[15] Under both that initial law and the current statute, the trial court has the authority to order the father to pay support for the child's benefit after paternity is established.[16] Thus, a paternity action decides two issues — the identity of the father and his obligation to provide child support.

Moreover, the procedures enacted as a result of the Federal Welfare Reform Act of 1996, including the ban on jury trials, confirm that a primary purpose of paternity actions is to require fathers to contribute to the financial support of their child.[17] Neither the consolidation of separate paternity and legitimation actions nor the father's decision to admit paternity transforms the lawsuit into one controlled solely by the legitimation statute. If either parent were able to bootstrap the right to a jury trial under the legitimation statute to a claim for the establishment of paternity, the parents would be able to circumvent the legislative ban on jury trials in OCGA § 19-7-40. They should not be able to use a procedural device to gain indirectly a right that is expressly prohibited by state law. Because neither the express language nor the legislative intent supports the right of a parent to demand a jury trial on support in a paternity action, even when it is consolidated with a legitimation action, we affirm the trial court's ruling denying Banks a jury trial on her claim for child support.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 2002 —
RECONSIDERATION DENIED NOVEMBER 22, 2002.

*Weinstock & Scavo, Michael Weinstock, Susan B. Jacobs*, for appellant.

---

[15] See 1980 Ga. Laws 1374, 1377 (now codified at OCGA § 19-7-49); see also *Worthington*, 250 Ga. at 735 (noting that "it is problematic whether any other civil actions for support would be available to mother or child" besides their paternity claim under title 19, chap. 7, art. 3).

[16] See OCGA § 19-7-51 (trial court order may contain provisions concerning the duty to support the child by periodic or lump sum payments); see also OCGA § 19-7-46.2 (trial court may issue temporary order of support if clear and convincing evidence of paternity).

[17] See 42 U.S.C.A. § 651 (providing for federal appropriations to states for the "purpose of enforcing the support obligations owed by noncustodial parents to their children . . . , establishing paternity, obtaining child and spousal support, and assuring that assistance in obtaining support will be available under this part to all children . . . for whom such assistance is requested.").

*Moore, Ingram, Johnson & Steele, Stephen C. Steele, Victor P. Valmus*, for appellee.