## S08A1111. BANDY v. HENDERSON.
(670 SE2d 792)

HINES, Justice.

This appeal is from the superior court's grant of summary judgment in a case regarding the construction of the will of Tommie

---

Elmo.[1] Finding no error, we affirm.

Tommie Elmo ("Tommie") was the wife of Joseph Elmo ("Joseph"); she had children from a previous marriage, including Susan Bandy. Using funds provided by Joseph, the couple purchased an 18.9 acre tract of land that had previously been in Tommie's family; each held an undivided one-half interest. Tommie died in 1994. A provision of her will stated:

> If my husband, JOSEPH ELMO, survives me by as much as thirty (30) days I hereby give, devise, and bequeath all of my property, both real and personal, wherever located, to him. However, he shall not sell or encumber any real estate I hereby give him without the written approval of the Executor of my estate.[2]

Bandy was named executrix of Tommie's estate, and Joseph demanded a deed to the realty from Bandy; she refused; Joseph sought her removal as executrix; and the probate court transferred the issue of the construction of the above language to the superior court. Joseph filed a petition for a declaratory judgment in the transferred case, and Bandy filed a counterclaim. In an order entered June 29, 2005, the superior court ruled that the language: "However, he shall not sell or encumber any real estate I hereby give him without the written approval of the Executor of my estate," was a restraint on the alienation of a fee simple estate, and therefore void. See *Statham v. Kelly*, 276 Ga. 877 (584 SE2d 246) (2003); *Imerys Marble Co. v. J.M. Huber Corp.*, 276 Ga. 401 (577 SE2d 555) (2003); *Chandler v. Chandler*, 249 Ga. 575 (292 SE2d 685) (1982). In the same order, the superior court also ordered the case returned to the probate court. Bandy filed a direct appeal in this Court, which was dismissed as the case was not final below. *Bandy v. Elmo*, 280 Ga. 221 (626 SE2d 505) (2006).

Upon return of the case to the probate court, Bandy was removed as executrix of the estate, and James Henderson was named as successor executor. Joseph moved for summary judgment on the declaratory judgment petition in the superior court, which was granted in an order filed July 26, 2007, and Bandy appeals.

1. First, Bandy contends that the superior court incorrectly consolidated the declaratory judgment petition filed in the original action that was transferred to the superior court (superior court case

---

[1] This appeal was originally docketed as *Susan J. Bandy v. Joseph Elmo*, but after docketing, a statement of Joseph Elmo's death was filed, and upon motion, his executor, James H. Henderson, was substituted as appellee.

[2] It is undisputed that Joseph survived Tommie by more than 30 days.

no. 05CV00285) with a separate action that she had filed (superior court case no. 05CV01029) and that the order granting summary judgment should not have adjudicated both cases. However, she did not file a notice of appeal in case no. 05CV01029. In any event, the record before this Court reveals that at the beginning of the hearing on the motion for summary judgment, Bandy's counsel acknowledged that the parties and issues in the two cases were the same and agreed to the consolidation, and it was only after the hearing that counsel sent a letter to the court to "clarify" that his client did not agree to a consolidation.[3] Counsel's agreement to the consolidation was sufficient, and the consent requirement of OCGA § 9-11-42 (a) was met. *Cochran v. Cochran*, 269 Ga. 84, 85 (2) (495 SE2d 31) (1998).

2. Bandy urges that the superior court erred in denying her motion to dismiss the declaratory judgment petition. She contends that she preserved this enumeration of error by making "an oral motion for directed verdict at the hearing held on June 8, 2005." First, assuming that a motion for directed verdict equates to a motion to dismiss, Bandy has not supplied this Court with a transcript of any hearing of June 8, 2005, or any other in which she moved to dismiss the declaratory judgment petition. And, while Bandy argues that a declaratory judgment action could not lie because Joseph had an adequate remedy in the form of the probate court's transfer of the case to the superior court, OCGA § 9-4-2 (c) specifically states that "[r]elief by declaratory judgment shall be available, notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies." See also *James B. Beam Distilling Co. v. State of Ga.*, 263 Ga. 609, 613 (5) (437 SE2d 782) (1993).

3. On May 18, 2005, the superior court issued an order that a hearing on the petition for declaratory judgment would be held on June 8, 2005. On the day of the scheduled hearing, Bandy filed a motion for a continuance of the hearing, which was denied, and she enumerates this as error. "The trial court's discretion in granting or refusing a continuance 'will not be interfered with by the appellate courts unless it clearly appears that the judge abused his discretion. (Cit.)' [Cit.]" *Hanson v. Kent*, 263 Ga. 124 (1) (428 SE2d 785) (1993). And, no abuse is shown here; among other failings, Bandy has not produced evidence of the facts alleged in her motion for a continuance, either contemporaneously with the motion or afterward. In fact, one of the assertions in the motion for continuance was that

---

[3] Bandy does not suggest what harm has befallen her from the court's treatment of identical issues in a single hearing and order.

Bandy was surprised two days before the hearing when Joseph denied that an agreement concerning eventual disposition of the realty existed, but the record discloses that the question of any purported agreement had been raised before the court set the date for the hearing.

4. The superior court's order of June 29, 2005, states that it was granting summary judgment to Joseph after hearing "argument and citation of authorities" and considering the briefs of the parties. Bandy contends that the court did so only after declaring at a hearing on June 8, 2005, that it would not accept evidence regarding the circumstances surrounding the making of the will. Again, Bandy has not supplied a transcript of any hearing on that date, and it is not possible to determine whether she made an appropriate objection to the court's conduct of the hearing. See *Tanksley v. Parker*, 278 Ga. 877, 878 (1) (608 SE2d 596) (2005).

Nor does Bandy suggest what evidence she was prepared to produce that would have yielded a different result. At the final hearing in the superior court, held on July 18, 2007, Bandy stated that she had no evidence to present beyond what was contained in affidavits, although Joseph cross-examined certain of her affiants.[4] And, the record does not support Bandy's theories of recovery. Bandy contends that Tommie and Joseph had identical mutual wills, evidencing an intent to create a devise of Tommie's interest in the realty to Joseph in the form of a life estate, not in fee simple. However, she has not put into evidence any copy of a will executed by Joseph. Further, nothing in Tommie's will can be construed to be a statement that it was a mutual will with that of Joseph. Such a statement in Tommie's will is necessary to create mutual wills because this case is controlled by former OCGA § 53-2-51 (b), which was effective until January 1, 1998, and read: "[e]xcept for mutual wills based on express contract, no wills shall be or shall be construed to be mutual wills unless there is contained in both wills an express statement that the wills are mutual wills."[5] Tommie died in 1994, and thus, any right Bandy had in the property vested in 1994. See OCGA § 53-1-1 (b); *Hodges v. Callaway*, 279 Ga. 789, 790, n. 3 (621 SE2d 428) (2005); *Coker v. Mosley*, 259 Ga. 781 (1) (a), (b) (387 SE2d

---

[4] One witness who had averred that she had knowledge of an agreement between Tommie and Joseph that upon the death of the survivor of them the property was to go to Bandy testified on cross-examination that she had confused the terms "will" and "agreement."

[5] To the extent that Bandy argues that there were "mutual wills based on express contract" under former OCGA § 53-2-51 (b), no evidence of such a contract appears in the record, and, thus, there can be no finding of mutual wills. *Coker v. Mosley*, 259 Ga. 781 (1) (a), (b) (387 SE2d 135) (1990).

135) (1990). Former OCGA § 53-2-51 (b) was not met, and thus the existence of mutual wills could not be shown. *Coker,* supra.

The superior court correctly held that the language of the will gave Joseph a fee simple estate in Tommie's undivided half-interest in the realty, and that the attempt to bar his sale of the property without the approval of the executrix was an attempt to restrict the alienation of that estate, and contrary to law. OCGA §§ 44-6-21, 44-6-43; *Chandler,* supra.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 25, 2008.

*Mather D. Graham,* for appellant.
*Renzo Wiggins,* for appellee.