S10A0831. COOK v. SMITH et al.

(705 SE2d 847)

</div>

MELTON, Justice.

In January 2009, before Henry Cook's term as chairman of the Randolph County Board of Education had expired, three members of the Board, Don Smith, Dymple McDonald, and James Mock (hereinafter collectively the "Board members"), selected Mock to serve as the chairman of the Board. On March 18, 2009, the Governor signed House Bill 563 ("H.B. 563") into law, which was a local law that reconstituted the Board and provided for procedures for the selection of a chairperson and a vice chairperson. On April 9, 2009, Cook sued the Board members, claiming that H.B. 563 was unconstitutional as applied to him because the statute sought to change his term of office as chairman of the Board, and claiming that the Board members had exceeded their authority by attempting to replace him as chairman. On April 30, 2009, the trial court entered a temporary injunction to prevent the enforcement of H.B. 563, and on June 16, 2009, the trial court entered an order continuing the injunction. In the June 16

order, the trial court also stated:

> It further appearing from the verified pleadings that previous Boards of Education of Randolph County have adopted certain policies and procedures that are contrary to our basic tenets of government and that are designed to prevent free legislation in matters; therefore, until further order of the Court it is ordered as follows:
>
>> 1. Any member of the Board of Education of Randolph County shall have the right to include an item on the Agenda as same is defined by O.C.G.A. Section 50-14-1 and by current policy.
>> 2. Any ruling by the chairman may be appealed by any member of the Board of Education to the members present at such meeting and a decision of the majority of the Board of Education voting on such matter shall prevail on said matter.

Based on actions taken by Cook and Bobby Jenkins, the superintendent of the Board, to prevent certain items from being placed on the agenda or voted on by members of the Board at a subsequent Board meeting, on July 20, 2009, the Board members moved to have Cook held in contempt for violating the terms of the June 16 order. The Board also made a separate motion to have Jenkins held in contempt. Following a joint contempt hearing involving both Cook and Jenkins, both men were found in contempt for violating the June 16 order, and Cook was ordered to spend four days in jail. Before beginning his four-day sentence, however, Cook filed a notice of appeal and a motion for supersedeas. Although the trial court initially denied the motion for supersedeas, it then granted the motion, and on August 4, 2009, the Court of Appeals dismissed as moot Cook's petition for a writ of supersedeas. On August 27, 2009, the Board members filed a motion to vacate the trial court's June 16 order, and, following a joint contempt hearing, the trial court entered an order finding that (1) Cook had no vested property right in the position of chairman of the Board, (2) H.B. 563 was constitutional, and (3) the previously entered injunction of June 16, 2009 would be lifted.

On appeal, Cook contends, primarily, that the trial court erred in holding him in contempt for violating the terms of the June 16, 2009 order; and that the trial court erred in concluding that H.B. 563 was constitutional as applied to him. For the reasons set forth below, we hold that the trial court did not abuse its discretion by holding Cook in contempt, but the trial court did err in concluding that H.B. 563

was constitutional as applied to Cook. We therefore affirm in part and reverse in part.

1. Cook contends that the trial court erred by failing to make sufficient findings of fact and conclusions of law in its June 16, 2009 order. However, after the trial court entered its order, Cook failed to

> allege any error in the sufficiency of the trial court's findings of fact or conclusions of law or request that the trial court amend its judgment to separately make such findings or conclusions. As a result, [he] has waived the right to challenge the sufficiency of the findings of fact and conclusions of law contained in the judgment pursuant to OCGA § 9-11-52.

(Footnote omitted.) *City of East Point v. Jordan*, 300 Ga. App. 891, 893 (2) (686 SE2d 471) (2009). See also OCGA § 9-11-52 (c) ("Upon motion made not later than 20 days after entry of judgment, the court may make or amend its findings or make additional findings and may amend the judgment accordingly. . . . [F]ailure of the losing party to move therefor after judgment shall constitute a waiver of any ground of appeal which requires consideration thereof").

2. Citing OCGA § 9-11-42, Cook argues that the trial court erred by conducting, over his specific objection, a joint contempt hearing with superintendent Jenkins to resolve the question whether Cook was in contempt for allegedly violating the terms of the June 16 order. OCGA § 9-11-42 (a) provides:

> When actions involving a common question of law or fact are pending before the court, *if the parties consent*, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Cook contends that, because he did not consent to the joint hearing, the trial court was not authorized to consolidate his contempt hearing with that of Jenkins. However, as explained more fully below, OCGA § 9-11-42 (a) does not apply to contempt proceedings.

By its plain terms, OCGA § 9-11-42 (a) applies to *actions* that are pending before the court, and this Court has consistently interpreted the statute to apply in situations where distinct *actions* such as separate complaints for damages, declaratory judgment, or specific performance are involved. See *Bandy v. Henderson*, 284 Ga. 692 (670 SE2d 792) (2008) (declaratory judgment petition consolidated with separate action that had previously been filed in superior

court); *Banks v. Hopson*, 275 Ga. 758 (571 SE2d 730) (2002) (mother's complaint to determine paternity consolidated with father's separate action for legitimation filed eight months later); *Cochran v. Cochran*, 269 Ga. 84 (495 SE2d 31) (1998) (divorce proceedings consolidated with action for specific performance); *Ford v. Uniroyal Goodrich Tire Co.*, 267 Ga. 226 (476 SE2d 565) (1996) (trial court erred in consolidating for trial separate personal injury actions filed by parents and their child where defendant objected to such consolidation).

As this Court has previously held, a motion to hold a party in contempt "is not a new civil action." *Richwood & Assocs. v. Osborne*, 267 Ga. 89 (475 SE2d 606) (1996). Because of this, "many provisions of the Civil Practice Act do not apply [to motions for contempt]." Id. Here, because the filing of a motion for contempt does not constitute the type of separate complaint or "action" that would be subject to the requirements of OCGA § 9-11-42 (a), the statute, like many other aspects of the Civil Practice Act, simply has no application here. See *Brown v. King*, 266 Ga. 890 (1) (472 SE2d 65) (1996). Accordingly, Cook's enumeration is without merit.

3. Cook claims that the trial court's June 16 order was too indefinite to support a finding of contempt. However, the plain language of the order made clear that the members of the Board had the right to include items on the agenda at Board meetings consistent with the requirements of OCGA § 50-14-1,[1] and that Cook's decisions as chairman could be appealed to the other Board members for a final decision to be made by majority vote. Because evidence supports the trial court's conclusion that Cook deliberately prevented the Board members from appealing his decisions at a Board meeting and would not recognize any appeals of his decisions to the other members of the Board, we find no abuse of discretion in the trial court's decision to hold Cook in contempt. *R.R.R. L.P. v. Recreational Svcs., Inc.*, 267 Ga. 757 (3) (481 SE2d 225) (1997).[2]

4. Cook argues that the trial court erred by continuing to preside over this case after the notice of appeal had been filed with respect to

---

[1] This statute states in relevant part that,

[p]rior to any meeting, the agency holding such meeting shall make available an agenda of all matters expected to come before the agency at such meeting . . . [and] [f]ailure to include on the agenda an item which becomes necessary to address during the course of a meeting shall not preclude considering and acting upon such item.

OCGA § 50-14-1 (e) (1).

[2] We also note that Cook's argument that the trial court was not allowed to hold him in contempt because the exclusive remedy against him was mandamus is without merit. Mandamus has nothing to do with the issue here, as the issue is merely whether Cook followed the trial court's June 16 order.

the issue of contempt, because the trial court lost jurisdiction over the remaining issues once the notice of appeal had been filed. Cook is incorrect. "[T]he notice of appeal supersedes only the judgment appealed; it does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal." *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982). Because the remaining issues addressed by the trial court had nothing to do with the isolated issue of contempt, the trial court properly continued to preside over these issues after the notice of appeal relating to contempt had been filed.

5. Cook argues that the trial court erred by finding in its October 5, 2009 order that H.B. 563 is constitutional as applied to him. We agree.

Art. I, Sec. I, Par. X of the Georgia Constitution of 1983 provides that "[n]o bill of attainder, ex post facto law, retroactive law, or laws impairing the obligation of contract or making irrevocable grant of special privileges or immunities shall be passed." A bill of attainder is a "legislative act[ ], no matter what [its] form, that appl[ies] either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial." *United States v. Lovett*, 328 U. S. 303, 315 (II) (66 SC 1073, 90 LE 1252) (1946).

Here, prior to the passage of H.B. 563, Cook served as chairman of the Randolph County Board of Education pursuant to the school Board's charter, which adopted the requirements of OCGA § 20-2-57. OCGA § 20-2-57 (a) provides:

> Unless otherwise provided by local law or, in the absence of local law, by local board policy, upon being called together by one of their number, the members of the local board shall organize by selecting one of their number as chairperson *to serve as such during the term for which that person was chosen as a member of the local board. . . .*

(Emphasis supplied.) Further, the school Board policies that were in place in 2006 when the people re-elected Cook to a four-year term on the Randolph County Board of Education made clear that:

> Officers for [the] board shall consist of a chairman (chairperson) and vice chairman (chairperson). Board officer terms *shall run concurrent with term of office.* Elections will be held at the beginning of each officer's term on [the] board. The officers *shall serve as such during the term for which they were chosen as a member of the Board.*

(Emphasis supplied.) Consistent with the requirements of OCGA § 20-2-57 and local Board policy, Cook's term as a Board member, and by extension as chairman, was not set to expire until December 31, 2010.[3]

H.B. 563, which was passed almost two years before Cook's term on the Board was set to expire, provides in relevant part that

> [t]he [Randolph County Board of Education] shall organize by selecting one of their number as chairperson and another of their number as vice chairperson at a meeting of the board to be held in 2009 no later than 30 days after the date this section becomes effective [on March 18, 2009].

Thus, if H.B. 563 were employed to remove Cook from his position as chairman, such a feat would be accomplished only by cutting short Cook's four-year term as chairman that had previously been established by statute and local Board policy. Accordingly, as the only chairman who was currently serving a term that would be cut short by the application of H.B. 563, the statute would be an impermissible bill of attainder as applied to Cook if it applied to him "in such a way as to inflict punishment on [him] without a judicial trial." *Lovett*, supra, 328 U. S. at 315 (II). We find that the law does impose such punishment. Here, Cook was serving a four-year term as chairman that was established by law. H.B. 563 would impermissibly "punish[ ] [Cook] by removing [him] from office before the end of the [four]-year term to which [he] was legally [entitled,] and inflict[ ] this punishment without a judicial trial." (Punctuation omitted.) *Fulton v. Baker*, 261 Ga. 710, 712 (410 SE2d 735) (1991). Accordingly, H.B. 563 is an unconstitutional bill of attainder as applied to Cook. See id.

6. In light of our disposition in Division 5, supra, we need not address Cook's remaining contentions with respect to the trial court's October 5 order.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 22, 2010 —
RECONSIDERATION DENIED DECEMBER 16, 2010.

---

[3] Indeed, the parties do not dispute that Cook's term was set to expire at the end of 2010.

*Maurice L. King, Jr.*, for appellant.
*Perry & Walters, Franklin T. Coleman III*, for appellees.