A10A0884. JENKINS v. SMITH et al.
(709 SE2d 23)

MILLER, Presiding Judge.

The instant lawsuit arises out of a dispute between appellant Bobby Jenkins, the former Superintendent of the Randolph County School District; Henry Cook, the former chairman of the Randolph County Board of Education; and appellees Don Smith, Dymple McDonald, and James E. Mock, who are members of the Randolph County Board of Education (collectively "the Board members"). The

Board members sought to replace Cook as the chairman and to terminate Jenkins's employment contract. Both Cook and Jenkins filed separate lawsuits against the Board members, seeking to enjoin their actions to remove them from their respective positions.

In Jenkins's lawsuit, the parties filed several motions, including, inter alia, a motion for contempt against Jenkins; Jenkins's motion to recuse the trial judge and "motion for disclosure of all contacts between the Court, counsel, and judges"; and requests for injunctive relief. In resolving the motions, the trial court entered orders finding Jenkins in contempt and denying Jenkins's motions for recusal and for disclosure of contacts. Although the trial court had initially granted Jenkins's request for an interlocutory injunction, it later dissolved the injunction. Thereafter, the trial court granted an injunction in favor of the Board members.

Jenkins has filed the instant appeal to challenge the trial court's aforementioned rulings. He contends that the trial court erred in: (i) dissolving his interlocutory injunction; (ii) in holding him in contempt; (iii) in denying his motion to recuse; (iv) in awarding overly broad injunctive relief to the Board members when a petition for quo warranto was the exclusive remedy; and (v) in denying his motions without due consideration.[1] We discern no error and affirm.

The record shows that in 1997, Jenkins entered into an employment contract[2] to serve as the superintendent for the Randolph County School District. The contract was extended for subsequent terms. The contract set forth Jenkins's duties and responsibilities, which included the implementation of the Board's policies and attendance and participation in the Board's meetings. The contract also specified the grounds and procedures for Jenkins's termination and removal from office.

---

[1] Cook and Jenkins asserted similar claims in their respective lawsuits. See *Cook v. Smith*, 288 Ga. 409 (705 SE2d 847) (2010). Like Cook, Jenkins also contends that the trial court erred in: (a) failing to make written findings of fact and conclusions of law in its order dissolving the prior interlocutory injunction; (b) in consolidating his contempt hearing with the hearing against Cook; (c) in finding him in contempt since the prior order was too indefinite and the exclusive remedy against him was mandamus, and; (d) in continuing to preside over the case after a notice of appeal was filed for review of the contempt order. The Supreme Court of Georgia exercised jurisdiction over Cook's appeal and resolved these claims against Cook. See id. "[W]e are constitutionally bound by the decisions of our own Supreme Court. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI." *Williamson v. Ward*, 192 Ga. App. 857, 858 (1) (386 SE2d 727) (1989). Accordingly, Jenkins's claims fail for the reasons explained in *Cook*.

[2] Under OCGA § 20-2-101 (a), "[s]uperintendents of each school system shall be employed by the local board of education under written contracts[.]" Subsection (f) of the statute further provides that "the terms and conditions of employment of a school superintendent by a local school system shall be determined exclusively by the contract between those parties and may include, without being limited to, the conditions under and procedures by which that contract may be terminated prior to the end of the term of that contract."

While Jenkins served as superintendent, Cook was the chairman of the Board. At some point, however, Jenkins's and Cook's relationships with the other three Board members became contentious. The Board members sought to remove Cook and Jenkins from their respective positions.

Both Cook and Jenkins filed lawsuits against the Board members. Jenkins requested an interlocutory injunction to prevent the Board members from pursuing the termination of his employment contract. The trial court initially granted Jenkins's request for an interlocutory injunction. Thereafter, the Board members filed an answer and counterclaim, requesting dissolution of the interlocutory injunction so that they could move forward with Jenkins's termination hearing. The trial court granted the Board members' request, and the interlocutory injunction was dissolved. On June 16, 2009, the trial court also entered an order, which stated as follows:

> It further appearing from the verified pleadings that previous Boards of Education of Randolph County have adopted certain policies and procedures that are contrary to our basic tenets of government and that are designed to prevent free legislation in matters; therefore, until further order of the Court it is ordered as follows:
>
> 1. Any member of the Board of Education of Randolph County shall have the right to include an item on the Agenda as same is defined by O.C.G.A. Section 50-14-1 and by current policy.
>
> 2. Any ruling by the chairman may be appealed by any member of the Board of Education to the members present at such meeting and a decision of the majority of the Board of Education voting on such matter shall prevail on said matter. Although the order was only filed and entered in Cook's lawsuit, Jenkins was aware of the order and its mandates.

On June 24, 2009, the Board members sent Jenkins a letter requesting that certain items be added to the agenda for an upcoming meeting. Jenkins, however, failed and refused to add the requested items to the agenda. Thereafter, when the Board members made motions to add the items during the meeting, Cook repeatedly interrupted and refused to address the items.

Based on the actions of Jenkins and Cook, the Board members filed a motion for contempt. Following a consolidated contempt hearing, both Jenkins and Cook were found in contempt for violating the June 16 order and were ordered to spend four days in jail.

Jenkins immediately filed a notice of appeal and a motion for supersedeas. The trial court initially denied the motion for supersedeas, but later rescinded its order and granted the motion.

On September 4, 2009, the Board members conducted Jenkins's termination hearing. Jenkins was present and was represented by counsel at the hearing. At the conclusion of the hearing, Jenkins's employment contract was terminated by a majority vote of the Board members.

The Board members subsequently filed a request for an injunction against Jenkins, contending that Jenkins refused to acknowledge his termination, refused to vacate the office, and was continuing to take actions as if he was still the superintendent. Before a hearing could be held on the Board members' request for relief, Jenkins filed a motion for recusal, contending that the trial judge was not impartial. Jenkins also filed a "motion for disclosure of all contacts between the Court, counsel, and judges[.]"

The trial court denied Jenkins's motions. Following an evidentiary hearing, the trial court granted injunctive relief in favor of the Board members, restraining Jenkins from acting as superintendent and from interfering with the lawful operations of the Randolph County School District. Jenkins then filed the instant appeal.

1. Jenkins contends that the trial court erred in dissolving his interlocutory injunction and doing so without conducting an evidentiary hearing. This contention of error, however, is moot.

> It is a rather fundamental rule of both equitable jurisprudence and appellate procedure, that if the thing sought to be enjoined in fact takes place, the grant or denial of the injunction becomes moot. To prevent such an appeal from becoming moot the appealing party must obtain a supersedeas.

(Citations and punctuation omitted.) *Jackson v. Bibb County School Dist.*, 271 Ga. 18, 19 (515 SE2d 151) (1999).

Here, the record establishes that the purpose of the previously entered interlocutory injunction was to preserve the status quo and prevent the Board members from conducting a hearing to terminate Jenkins's employment. After the trial court dissolved the interlocutory injunction, Jenkins failed to seek a supersedeas from the trial court, or from this Court, to prevent the termination hearing. The termination hearing was subsequently conducted and Jenkins's employment was terminated. Since the acts sought to be enjoined have taken place, the issues pertaining to the dissolution of the injunction have been rendered moot. See *Jackson*, supra, 271 Ga. at 19; *Strickland v. Adams*, 231 Ga. 729 (204 SE2d 294) (1974).

2. Jenkins also challenges the trial court's finding of contempt. As stated in footnote 1 above, Jenkins's arguments are substantially similar to those addressed by the Supreme Court of Georgia in a related appeal filed by Cook. See *Cook*, supra, 288 Ga. at 412 (3). Accordingly, we adhere to the Supreme Court's rulings and affirm as to those claims.

We further conclude that the evidence supports the trial court's findings that Jenkins was aware of its June 16 order and had wilfully violated the order by refusing to add the Board members' requested items to the meeting agenda. The trial court therefore did not abuse its discretion when it held Jenkins in contempt. See *Cook*, supra, 288 Ga. at 412 (3); *Gen. Teamsters Local Union No. 528 v. Allied Foods*, 228 Ga. 479, 483-484 (3) (a) (186 SE2d 527) (1971).

3. Jenkins further contends that the trial court erred in denying his motion to recuse. The trial court concluded that Jenkins's recusal motion was untimely and that the accompanying affidavit was legally insufficient. "We review the trial court's ruling on a motion to recuse for abuse of discretion." (Citation omitted.) *Hill v. Clayton County Bd. of Commrs.*, 283 Ga. App. 15, 20 (3) (640 SE2d 638) (2006). We discern no error.

> Motions to recuse must be timely and made as soon as the facts demonstrating the basis for disqualification become known. Uniform Superior Court Rule 25.1 requires that such motions must be made "not later than five (5) days after the affiant first learned of the alleged grounds for disqualification," unless good cause is shown. Absent the filing of a timely recusal motion accompanied by a legally sufficient affidavit, such motion is subject to denial on its face. Additionally, Uniform Superior Court Rule 25.2 requires that "[t]he affidavit shall clearly state the facts and reasons for the belief that bias or prejudice exists, being definite and specific as to time, place, persons and circumstances[.]" Bare conclusions and opinions are not legally sufficient.

(Citations and punctuation omitted.) Id.

Jenkins filed his recusal motion on September 22, 2009. The accompanying affidavit reflected that his motion was based upon the unfavorable contempt and supersedeas rulings entered by the trial judge on July 30, 2009, along with his suspicion that the trial judge had engaged in ex parte communications with opposing counsel as to scheduling matters on or about June 10, 2009, July 17, 2009, and August 7, 2009. The affidavit further asserted bias based upon the trial court's decision to schedule a hearing on the Board members'

request for an injunction, notwithstanding Jenkins's argument that the filing of his notice of appeal from the contempt order divested the trial court of jurisdiction over further proceedings.[3]

Based upon the assertions in the recusal motion and the affidavit, the trial court correctly concluded that the motion was untimely. See *Wall v. Thurman*, 283 Ga. 533, 535 (5) (661 SE2d 549) (2008). Moreover, Jenkins's mere dissatisfaction with the trial judge's rulings and bare allegations that the trial judge engaged in ex parte communications with opposing counsel as to scheduling matters were insufficient to warrant a belief that bias existed. See *Rice v. Cannon*, 283 Ga. App. 438, 442-443 (2) (641 SE2d 562) (2007); *Stephens v. Ivey*, 212 Ga. App. 407, 408 (2) (442 SE2d 248) (1994). Consequently, the trial court did not abuse its discretion in denying the recusal motion on its face. See id.

4. Jenkins also argues that the trial court erroneously awarded overly broad injunctive relief to the Board members and that a petition for quo warranto was the exclusive remedy. Again, we disagree.

Here, the injunction was requested and granted to immediately and fully restrain Jenkins from interfering with the Board's operations, attempting to assume and carry on the duties of the superintendent's office, and refusing to vacate the office and premises following his termination. Jenkins's claim that the injunction was overbroad is without merit. See *Murdock v. Perkins*, 219 Ga. 756, 758-759 (1) (135 SE2d 869) (1964). Likewise, there is no merit to Jenkins's argument that a writ of quo warranto was the exclusive remedy against him. See id. at 759 (1); *Cummings v. Robinson*, 194 Ga. 336, 345-346 (1) (21 SE2d 627) (1942). The trial court's decision granting injunctive relief in favor of the Board members was authorized. Id.

5. Lastly, Jenkins asserts that the trial court erred in denying his motions without due consideration. Particularly, Jenkins contends that the trial court erroneously denied his "motion for disclosure of all contacts between the Court, counsel, and judges" and failed to rule upon his subsequent motion to vacate and/or set aside the order granting injunctive relief to the Board members. These contentions are also without merit.

Jenkins's motion for disclosure of "all contacts" was overbroad and was not limited in scope to communications relevant to the instant lawsuit. As such, the motion was properly denied. See

---

[3] Contrary to Jenkins's argument, the trial court did not err by continuing to preside over this case after the notice of appeal had been filed as to the contempt ruling. See *Cook*, supra, 288 Ga. at 412-413 (4).

*Dikeman v. Mary A. Stearns, P.C.*, 253 Ga. App. 646, 647-648 (1) (a) (560 SE2d 115) (2002) (the trial court did not abuse its discretion in denying an overbroad request for information).

Moreover, Jenkins filed his notice of appeal from the injunction on October 5, 2009, and belatedly filed the motion to vacate the injunction on October 14, 2009. Since the injunction was the order being appealed, the trial court was divested of jurisdiction to rule upon the motion to vacate the injunction. See *McLeod v. Clements*, 306 Ga. App. 355, 357 (2) (702 SE2d 638) (2010) ("A notice of appeal divests the trial court of jurisdiction to supplement, amend, alter, or modify the judgment while the appeal of that judgment remains pending."); *Rocha v. State*, 287 Ga. App. 446, 448 (1) (b) (651 SE2d 781) (2007) (same). Accordingly, due to a lack of jurisdiction, the trial court did not err in withholding a ruling upon the motion.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED MARCH 25, 2011.

*Maurice L. King, Jr.*, for appellant.
*Perry & Walters, Franklin T. Coleman III*, for appellees.