# Court of Appeals
# of the State of Georgia

ATLANTA,  June 13, 2017

*The Court of Appeals hereby passes the following order:*

**A16A0579.  COOK v. SMITH et al.**

Henry Cook, the chairman of the Randolph County Board of Education (the Board), filed a lawsuit in 2009 against other Board members (Don Smith, Dymple McDonald, and James Mock) (the Board members) alleging that they took improper action in their capacities as Board members including attempts to replace Cook as chairman (the Cook suit). The Cook suit sought various relief, including a claim that local legislation reconstituting the Board and changing Cook's term of office was unconstitutional, and sought the award of attorney fees. After the trial court found Cook in contempt for violation of a court order relating to Board policy, and ruled that the local legislation was not unconstitutional, Cook appealed from the contempt order and the constitutionality ruling.  In *Cook v. Smith*, 288 Ga. 409 (705 SE2d 847) (2010), the Supreme Court affirmed the trial court's contempt ruling, reversed the trial court by finding that the local legislation was an unconstitutional bill of attainder, and recognized that other issues in the case remained pending before the trial court. *Cook*, 288 Ga. at 412-414.

After the case returned to the trial court, and the Board voted to settle with Cook on the remaining issues, two of the Board members, Smith and McDonald, filed a lawsuit against the Randolph County School District (the School District) alleging that their votes against the settlement were illegally disallowed at the Board meeting and seeking injunctive and other relief (the Smith and McDonald suit). Cook subsequently filed a motion in the Cook suit to enforce the settlement and to award attorney fees he incurred in filing the motion. The trial court consolidated the Cook suit and the Smith and McDonald suit and granted a temporary injunction in the

Smith and McDonald suit restraining the Board from paying the alleged settlement. Cook filed a separate motion for the award of attorney fees and costs of litigation in the Cook suit. Thereafter, the trial court notified the parties that the consolidated suits were set for final resolution of all remaining claims on July 30, 2015. At a hearing on July 30, the parties were given an opportunity to present evidence in support of their remaining claims, and Cook presented testimony and other evidence in support of two claims – his motion to enforce the alleged settlement, and his separate motion for the award of attorney fees and costs of litigation.

In the captioned case, Cook appeals from the trial court's rulings on his claims and asserts various enumerations of error.

The record shows that, shortly before the July 30 hearing addressing the remaining issues in the consolidated suits, the defendant Board members in the Cook suit filed a motion asserting the defense that sovereign immunity barred the remaining claims in the Cook suit. The trial court made no ruling on the sovereign immunity defense before ruling on the merits of the remaining claims.[1] As set forth above, the only remaining claims asserted in the Cook suit at the July 30 hearing – the enforcement of an alleged settlement agreement between Cook and the Board and a motion for the award of attorney fees and costs of litigation – were asserted against named defendants, Smith, McDonald, and Mock, all of whom were members of the Board. Because the Cook suit against these Board members concerned actions taken

---

[1] Sovereign immunity is not an affirmative defense under OCGA § 9-11-8 (c) to be established by the party asserting its protection. *Ga. Dept. of Human Resources v. Poss*, 263 Ga. 347, 348 (434 SE2d 488) (1993), overruled on other grounds, *Hedquist v. Merrill Lynch*, 272 Ga. 209, 211 (528 SE2d 508) (2000). Rather, "immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver." Id. Moreover, the failure to obtain a ruling in the trial court was not a waiver of the defense. "[T]he general rule is that[,] in the absence of express statutory or constitutional authorization, neither counsel for the state nor any of its agencies may, by affirmative action or by failure to plead, waive the defense of governmental immunity." *Collins v. Byrd*, 204 Ga. App. 893, 895 (420 SE2d 785) (1992) (citations and punctuation omitted).

in their official capacities as Board members, it constituted a suit against the Board or the School District.[2] *Cameron v. Lang*, 274 Ga. 122, 126 (549 SE2d 341) (2001); see also *Liberty County School Dist. v. Halliburton*, 328 Ga. App. 422, 427-428 (762 SE2d 138) (2014), overruled on other grounds, *Rivera v. Washington*, 298 Ga. 770, 778 (784 SE2d 775) (2016); *DeKalb County School Dist. v. Gold*, 318 Ga. App. 633 (734 SE2d 466) (2012). The School District (or the Board) is a political subdivision of the State entitled to the same sovereign immunity extended to the State under Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983, unless such immunity is waived by virtue of the same constitutional provision. *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 294-295 (454 SE2d 149) (1995); *Halliburton*, 328 Ga. App. at 426.

Because Cook did not have the opportunity to respond in the trial court to show that sovereign immunity has been waived, and the trial court has not ruled on this issue, this case is hereby REMANDED to the trial court for a hearing and ruling on whether sovereign immunity bars the remaining claims in the Cook suit. Because sovereign immunity "is a threshold issue that the trial court was required to address before reaching the merits of any other argument," consideration of Cook's enumerations of error in the present appeal would be premature. *Gonsalez v. Ga. Dept. of Transportation*, 329 Ga. App. 224, 225 (764 SE2d 462) (2014). Either party shall have the right to appeal from the trial court's ruling on sovereign immunity. Whether the trial court finds that sovereign immunity does or does not bar the claims,

---

[2] "[A] county board of education, unlike the school district which it manages, is not a body corporate and does not have the capacity to sue or be sued. The only exception to this rule . . . is where the legislature creates a school board by an act which gives that board the capacity to sue or be sued." *Cook v. Colquitt County Board of Education*, 261 Ga. 841, 841 (412 SE2d 828) (1992). There is nothing in the record indicating this issue was considered in the trial court. Nevertheless, if the Board in this case had the capacity to sue or be sued, the Cook suit against Board members in their official capacities constituted a suit against the Board – if the Board had no capacity to sue or be sued, the Cook suit against the Board members constituted a suit against the School District managed by the Board.

Cook has the right to appeal and reassert the enumerations of error raised in the present appeal.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,  06/13/2017*
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*